### 1215. YOUNG v. THE STATE.

HILL, C. J. 1. All the objections made by the plaintiff in error to the act of the General Assembly approved August 15, 1903 (Acts 1903, p. 90), making criminal the fraudulent obtaining of money or other thing of value under a labor contract, on the ground that the act is repugnant to certain provisions of the Federal and State constitutions, having been fully settled by the decisions of the Supreme Court, this court refuses to certify any of the questions to the Supreme Court, especially where there is no request made to have any of these decisions reviewed. *Lamar* v. *State*, 120 *Ga.* 312 (47 S. E. 958); *Banks* v. *State*, 124 *Ga.* 15 (52 S. E. 74, 2 L. R. A. (N. S.) 1007); *Vance* v. *State*, 128 *Ga.* 661 (57 S. E. 889); *Mulkey* v. *State*, 1 *Ga. App.* 521 (57 S. E. 1022).

2. "Peonage is a status or condition of compulsory service based upon the indebtedness of the peon to the master. The basal fact is indebtedness." *Clyatt* v. *U. S.*, 197 U. S. 207 (25 Sup. Ct. 429, 49 L. ed. 726). A State statute which makes criminal the procurement of money upon a fraudulent contract to perform service, and the fraudulent abandonment of the contract after having so procured the money, is not a violation of the Federal Statutes (Rev. Stat. §§ 1990, 5526 (U. S. Comp. St. 1901, pp. 1266, 3715)), prohibiting involuntary service or labor.

3. The fraudulent act of the promisor in procuring the money on his contract does more than make a debt; it also constitutes a crime; and the purpose of the act of 1903, supra, is not to create a remedy for the collection of the debt, but to provide punishment for the fraudulent and successful intent to cheat and defraud. *Mulkey* v. *State*, supra.

4. It is permissible, in an accusation or indictment for a violation of the act of 1903, supra, to embrace in a single count various sums of money, as having been fraudulently procured by the promisor from the promisee at different times, the various amounts so procured making up the aggregate sum charged to have been fraudulently obtained by the accused. Such a count does not charge separate offenses, but includes only one offense. *Jackson* v. *State*, 76 *Ga.* 551 (7).

5. The accusation sets out in apt and sufficient language the offense as defined by the statute, and the evidence proves the offense as charged.

*Judgment affirmed.*

Accusation of cheating and swindling, from city court of Moultrie—Judge McKenzie. May 18, 1908.

Submitted June 30,—Decided October 12, 1908.
*James Humphreys, Alfred R. Kline,* for plaintiff in error.
*W. F. Way, solicitor,* contra.