### 4084. CANNON *v.* MAYOR AND COUNCIL OF AMERICUS.

1. When the writ of certiorari is applied for to review a judgment of conviction in a police court, bond must be given or affidavit of inability to do so, in conformity with the requirements of §§ 5192-4 of the Civil Code (1910). Where bond is given, the better practice is to exhibit with the petition for the writ a copy of the bond, and allege affirma-

tively that bond was given and approved as required by law; yet failure to make this allegation or attach the copy bond furnishes no reason for refusing to order that the writ issue, when the petition is accompanied with a certificate of the presiding officer or clerk, if there be a clerk, of the inferior judicatory, that bond was given and approved as required by law.

2. In the absence of express statutory authority so to do, a municipal corporation can not delegate to the mayor power conferred upon it to fix the amount of a license fee to be paid by one pursuing an occupation within the limits of the municipality.

DECIDED APRIL 16, 1912.

Certiorari; from Sumter superior court — Judge Littlejohn. February 13, 1912.

*James A. & John A. Fort,* for plaintiff in error.

*Hollis Fort,* contra.

POTTLE, J. The writ of error is sued out to review the judgment of the superior court refusing to sanction a petition for certiorari. There is no allegation in the petition that the applicant had given bond or made a pauper's affidavit in lieu of bond, but accompanying the petition is the following certificate, signed by the presiding officer of the police court in which the plaintiff in error was convicted: "I, J. E. Mathis, the recorder who presided in the above-stated case, certify that, no costs having accrued, none are due by the defendant, the said J. P. Cannon. I further certify that he has given bond and security as required by law, and that the said bond has been duly approved by me." The accused was convicted of conducting a concert or exhibition in Americus without paying a license fee of $500, which had been assessed against him by the mayor, under authority of a municipal ordinance, in the following language: "Concerts or exhibitions of any character, not given or performed in a licensed opera house, shall have to take out a license to be fixed by the mayor." The point made is that the ordinance is void because the corporate authorities of the city can not delegate to the mayor the power conferred by the charter to impose an occupation or business tax or license.

1. Prior to the act approved December 10, 1902 (Acts 1902, p. 105), one convicted of the violation of a municipal ordinance could have the conviction reviewed in the superior court upon certiorari, by paying the accrued costs and giving the bond required by law, or, in lieu thereof, filing an affidavit that on account of his poverty he was unable to pay the costs or give the bond. The

writ of certiorari operated in all cases as a supersedeas. The act of 1902 provided that before certiorari should issue to review a conviction in a municipal court, bond should be filed with the clerk or judge of that court, payable to the municipal corporation, "conditioned for the personal appearance of the defendant to abide the final order, judgment, or sentence of said court, or of the superior court in said case;" that the pauper's oath might be taken in lieu of bond, and, when taken, the judge should grant a supersedeas, but the defendant should not be set at liberty. The act of 1909 (Civil Code (1910), §§ 5192-4) does not materially change the procedure provided by the act of 1902, but the scope of the later act is broader, in that it applies to all inferior judicatories (except constitutional city courts) exercising criminal or quasi-criminal jurisdiction. The condition of the bond under the act of 1909 is that the defendant will "personally appear and abide the final judgment, order, or sentence upon him in said case." The manifest purpose and effect of this act was to supersede and repeal the act of 1902, and if there is any conflict between them, the procedure now provided for in sections 5192-4 of the Civil Code must be followed, and no certiorari will lie in any case therein referred to unless bond or affidavit in lieu thereof is given as required by those sections.

It is argued that the judge properly refused to order that the writ issue, because he had before him no sufficient evidence that the precedent requirements of the law in reference to making bond or affidavit in lieu thereof had been met. If bond be given it must be filed with the police judge or his clerk. When the petition for the writ of certiorari is presented to the judge of the superior court, he must, before he can order that the writ issue, have before him evidence that the bond or pauper affidavit required by law has been made and filed. But, where bond is given, it is not necessary that the original bond should accompany the petition. The better practice would be to attach a certified copy, so that the sufficiency of the bond be not left to inference; but a certificate from the presiding officer, or the clerk, if there be one, of the inferior judicatory, that bond has been made and approved as required by law, should be accepted as prima facie true. If the writ issue, then all the papers, including the bond, or a certified copy, should be sent up, in order that the judge may see that the law has in fact

been complied with. In the present case, the recorder having made certificate that a lawful bond had been given, the absence of the bond itself or a copy thereof, or the failure to allege that bond was given, constituted no sufficient reason for refusing to sanction the petition.

2. Municipal corporations are creatures of statute, and only those powers granted, either expressly or by fair implication, can be exercised by them. The power to tax will not be implied, and, when granted expressly, must be exercised in the manner pointed out in the statute. The power to tax or exact a license fee is non-delegable. If the corporation be granted the discretionary power to impose a license fee upon a business, it can not delegate this power to a member of the council, nor can it, by ordinance or otherwise, relieve itself of the duty of fixing the amount to be exacted. The charter of Americus does not confer authority to delegate the power to license, or to delegate the power to fix the amount of the license, but, on the contrary, confers upon the "mayor and city council," as a corporation, the power to raise revenue in part by licensing various occupations and business enterprises, including "theatrical performances, shows, circuses and exhibitions of all kinds." Acts 1889, p. 966, § 25. The exact point was ruled in *Johnson* v. *Macon, 62 Ga.* 645 (5), where it was held: "The mayor and council, having the power delegated to them by the General Assembly to tax, can not delegate it to the mayor alone, and so much of the ordinance as so delegates this power is void." See, also, Dillon, Mun. Corp. (5th ed.), § 1383. Since the act of the mayor in imposing a license fee of $500 was unlawful, the plaintiff in error can not be punished for refusing to pay the fee, and his certiorari should be sanctioned.

*Judgment reversed.*