### 25616. RANSOME *v.* THE STATE.

Decided June 11, 1936.

*Swift Tyler Jr., George F. Fielding, Ernest Walts,* for plaintiff in error.

*John S. McClelland,* solicitor, *John A. Boykin,* solicitor-general, *J. W. LeCraw,* contra.

Guerry, J. James Ransome was indicted and convicted of a misdemeanor in that he "did unlawfully keep, maintain, employ, and carry on a lottery, the same being a scheme and device for the hazarding of money by selling tickets which represented chances

on prizes in said lottery, known and designated as the number game." His motion for new trial contained only the general grounds.

A witness for the State testified that "On March 25, 1935, at 1:55 p. m. we arrested James Ransome on Edgewood Avenue between Piedmont and Courtland Street; he was headed east on Edgewood and drove up to the curb and Roland Barnett was in the car with him. They got out and came across the street and when we stopped to get out Mr. Barnett ran down Edgewood and I taken out after him and caught him on Piedmont just off of Edgewood and came back and Mr. Anderson had this defendant under arrest in a Ford coupé. Mr. Ransome was driving the automobile, this defendant." The officers making the arrest testified that they found no lottery tickets on the defendant at the time of his arrest. Mr. Anderson testified that "when Barnett started across the street towards us Ransome told him 'There's the police, get out of the way.'" When he told him that "Barnett ran and Mr. Vaughn ran behind him." They found 500 lottery tickets on Barnett all dated that day. There was testimony as to how the lottery or number game is conducted, and chances sold on the guess for the winning number, which is determined by the digits in the stock sales on the New York Stock Exchange for that day. This stock-sales report being made at two o'clock p. m.

After a careful consideration of the evidence, this court is of the opinion that there is sufficient evidence to support the finding by the trial judge without a jury, and therefore that we have no power to interfere with the discretion of the judge of the superior court in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*