## 29720. DICKERSON v. THE STATE.

158

DECIDED SEPTEMBER 16, 1942. REHEARING DENIED OCTOBER 13, 1942.

*C. G. Battle,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

GARDNER, J. The defendant assigns error on a judgment overruling her certiorari to review a conviction for violating the lottery laws. The evidence for the State showed that two policemen who had been assigned to investigate the violation of this particular law stationed themselves to look for a person of the description of the defendant. The defendant came along and the officers arrested her, finding in her pocketbook a number of documents, consisting of typewriter ribbons, numbers, additions and totals, and money. The officers testified in detail as to how the lottery known as the "number game" is operated. This knowledge was derived from their long assignment to that particular line of work. They stated they were familiar with the operation of the game from having seen it conducted in all of its phases. They further testified that the game was in operation in Fulton County at the time of the arrest of the defendant. From the examination of the documents which they found in her possession the officers testified that defendant was connected with the game as a station operator. We do not deem it of any benefit to set out in detail the evidence for the State. The defendant offered no evidence and made no statement. The officer testified: "A station operator is an agent of the lottery to whom a number of writers turn in their tickets to be sent to headquarters by a pick-up man." The paraphernalia of the game which the defendant possessed is essential in the operation of the game, and a station operator is an essential agent to carry out the scheme of the game as it is operated.

1. As to the general grounds, the evidence sustained the verdict.

2. Special grounds d and e contend that the evidence was circumstantial and not sufficient to sustain the verdict. We do not think the evidence was entirely circumstantial. It was both

direct and circumstantial and sustained the verdict. The possession of such documents as the testimony in this case described, with proof of the existence of the operation of the lottery, along with the other attendant circumstances as revealed by the record, was sufficient to sustain the conviction. See in this connection *Mack* v. *State,* 65 *Ga. App.* 812 (16 S. E. 2d, 519) ; *Morrow* v. *State,* 63 *Ga. App.* 264 (10 S. E. 2d, 762) ; *Hightower* v. *State,* 63 *Ga. App.* 265 (10 S. E. 2d, 765) ; *Ransome* v. *State,* 53 *Ga. App.* 490 (186 S. E. 436).

3. Ground f contends that the court erred in permitting the police officer to describe the manner and method of the operation of the number game. The witness testified that he had gained his knowledge as to the operation of the lottery from having seen all stages of its operation in all its phases. This court has many times held that the admission of such evidence is not error. *Lunsford* v. *State,* 60 *Ga. App.* 537 (4 S. E. 2d, 112), and cit.

4. Ground g complains of the denial of a motion for mistrial. The judge did not unconditionally approve the allegations in this ground, but in his answer, which was untraversed, stated that the State's attorney "did not go any further in his statement than is shown by the brief of evidence in the case, and he did not say that the defendant did not make a statement with reference to the transaction for which she was on trial." The statement to which the judge refers in his answer is set out in a colloquy between the court and the attorneys for the defendant and for the State as follows: Mr. Battle: "I object to his referring to the fact that the defendant didn't make any statement in the case or introduce any evidence, as prejudicial to the defendant, and I ask the court to grant a mistrial." Mr. Golightly: "I said there was no. . ." The Court: "You can't comment on the fact that the defendant did not make a statement." Mr. Golightly: "I didn't. I just said there was no evidence to contradict the officers; that the defendant didn't contradict the statement that she waived the persons back with her hand. The officers testified two people rode up there that were pick-ups in an automobile." Mr. Battle: "That would refer to another transaction, your honor." The Court: "If that's the evidence I don't believe I would put it another way, but the defendant doesn't have to introduce testimony." Mr. Golightly: "I just said there was no

testimony here to refute what the officers said." The Court: "If by using that language you intend to infer that the defendant ought to have adduced some testimony, then it would be improper; if you just comment on what is in evidence it is all right." Mr. Golightly: "That is just what I was doing." Mr. Battle: "Do you overrule the motion for mistrial because of the prejudicial statement of the solicitor?" The Court: "I overrule the motion."

The defendant contends that such happening was prejudicial and "denied her the right to have her case submitted to the court and jury without unjust reference to matters which did not exist as a matter of evidence." In view of the statement of the judge as to what transpired, as shown hereinbefore, the happening was not error requiring a new trial for any reason assigned, although the court made no further reference thereto in his charge or otherwise than is shown hereinbefore. There was evidence to the effect that about the time the officers arrested the defendant she waved her hand (indicating). One of the officers saw parties in the direction in which she waved, and went in that direction for the purpose of making further investigation. There was also testimony to the effect that while the officers had the defendant in the car at the place where she was arrested, a "pick-up car came up and stopped with York and J. T. Caldwell that we locked up with Mary Dickerson. I mean somebody drove up in a car there." In view of what is set out hereinbefore we find no reversible error for any reason assigned in this ground.

5. Ground h complains that the court erred in charging to the effect that in misdemeanor cases all who procure, counsel, abet, aid, and assist in the commission thereof are, in law, principal offenders, and may be so charged and convicted. This principle was applicable to the facts in this case. The principle is elementary and needs no citation of authority. There is no merit in this ground. See in this connection *Thomas* v. *State,* 65 *Ga. App.* 749 (16 S. E. 2d, 447).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*