### 30501.   COX *v.* THE STATE.

Decided June 3, 1944.

*C. G. Battle,* for plaintiff in error.   *Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

GARDNER, J. The defendant was convicted of operating a lottery. She carried her case by certiorari to the superior court. On the hearing there the certiorari was overruled and dismissed. That judgment is assigned as error.

The officers arrested the defendant at her home. She was alone at the time. She lived with her husband. The evidence tends to show that two other people lived in the house also. On a bed in one of the rooms the officers found certain records, including what the officers testified were lottery books, lottery tickets, and lottery work-outs. The officers testified that the defendant admitted that the articles belonged to her; that her husband had nothing to do with them. The dates of the tickets were July 17, 1943, the day the defendant was arrested. The record showed twenty-eight sales to separate purchasers of from one to twenty chances each. The court permitted the officer to testify, over objection of the defendant, that the lottery known as the "number game" was on that date being operated in Fulton County; and that the records which the defendant admitted to be hers were records used in the operation of the lottery. It is the contention of the defendant that the evidence does not sustain the verdict; that it was error to permit the officers to testify as to the purpose of the documents which they seized, as well as the manner in which the lottery was operated. This court in numerous decisions has ruled adversely to the contention of the defendant on all the special grounds set out in the certiorari. So far as the general grounds are concerned this court has also repeatedly held that evidence similar to that in the instant case is sufficient to sustain the verdict in a lottery charge. See *Lunsford* v. *State,* 60 *Ga. App.* 537 (3, 6) (4 S. E. 2d, 112) ; *Dickerson* v. *State,* 68 *Ga. App.* 157 (22 S. E. 2d, 207), and cit.

The evidence sustains the verdict. The court did not err for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*