34488. RONEMOUS *v.* THE STATE.

DECIDED FEBRUARY 13, 1953.

James H. Dodgen, for plaintiff in error.

Paul Webb, Solicitor-General, John I. Kelley, Solicitor, J. E. Thrift, Charlie O. Murphy, contra.

GARDNER, P. J. █ The solicitor urges that this petition for certiorari was properly overruled, in that it was subject to dismissal because it was not affirmatively alleged therein that the defendant had made a supersedeas bond, as required under Code § 19-214, which had been approved, accepted, and certified by the clerk, as provided in said statute, and the solicitor cites Skipper v. Mayor &c. of Brunswick, 29 Ga. App. 185 (114 S. E. 725), and Nilsen v. City of LaGrange, 55 Ga. App. 676 (191 S. E. 175).

The defendant. in his petition alleged that he had "complied with the law in such cases," and that he "attaches hereto a certified copy of the bond filed by him, duly certified by the Clerk of the Criminal Court of Fulton County"; and attached to the petition appears a certified copy of the bond and certificate of the clerk that the defendant had filed the bond required by law, and that said bond was approved and accepted by him. In these circumstances, there was a substantial compliance with the law in regard to the petition for certiorari. The provisions of Code § 19-214 were substantially complied with. See Cannon v. City of Americus, 11 Ga. App. 95 (74 S. E. 701). There is no merit in this contention of the State.

█ The judge in his answer does not approve the assignment of error setting out that the defendant and his counsel were absent from the courthouse when the jury were called back for a recharge, stating that he was under the impression that they were present, but he did not know for sure. Dickerson v. State, 68 Ga. App..157 (4) (22 S. E. 2d, 207). This answer is not

traversed nor excepted to by the defendant. *Martin* v. *State*, 43 *Ga. App.* 334 (158 S. E. 803). Furthermore, the defendant in his brief does not insist upon this ground of his certiorari. *Dixon* v. *State*, 52 *Ga. App.* 200 (182 S. E. 687). It follows that no error appears from this assignment of error.

■ "An arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." Code, § 27-207. The arrest of the defendant was made without a warrant. His wife called the officers and said he was beating her. When the officers arrived, the defendant was not beating her, but was sitting in his living room, in his shorts, in a drunken condition. The wife stated in his presence and to the officers that the defendant had been beating her and she wanted him arrested. The officers took him by force and placed him in the police car. Officer Tuggle testified that the defendant resisted arrest at the time he sought to arrest him and that he continued fighting in the car, attacking Tuggle twice. While it is true that one witness said the defendant was doing nothing when the officers came, and that he did not "make any resistance at all" that she saw, when they "pushed" him into the car, the officer making the arrest positively testified that the defendant continuously resisted the arrest from its inception. *Vlass* v. *McCrary*, 60 *Ga. App.* 744 (5 S. E. 2d, 63). The arrest was clearly illegal. Every person has the right to resist an illegal arrest, and may use such force as is necessary for the purpose. *Holmes* v. *State*, 5 *Ga. App.* 166 (62 S. E. 716). The defendant here used no weapon. He resisted arrest only by the use of his hands. The officers used force in effecting the arrest. The defendant resisted with force not exceeding that used by the officers. Therefore, the defendant was not guilty of an assault and battery on officer Tuggle, but was within his rights in seeking to prevent his being carried to the police station and jailed on an illegal arrest.

The fact that the defendant's wife had told the officers in the defendant's presence that he had beaten her and she wanted him locked up did not render the arrest legal.

It follows that the evidence did not authorize the verdict that

this defendant was guilty of an assault and battery on the police officer, and the trial court erred in overruling the defendant's petition for certiorari.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*