## 38671.  GRIFFIN v. THE STATE.

TOWNSEND, Presiding Judge.  1.  Evidence that illegal matter in the form of a piece of paper is handed to a passenger in the front seat of an automobile next to the driver, unsupported by any evidence that the driver knew what the paper was, that it was shown or given to him, or that he had any other knowledge of or connection with it, is insufficient to charge such driver with possession thereof. *Ingram v. State*, 97 Ga. App. 468, 479 (103 S. E. 2d 666).

2. The discovery of lottery paraphernalia in the form of a lottery writer's ticket in the automobile of a defendant may, when combined with flight or other like circumstances, authorize conviction. *Ransome v. State*, 53 Ga. App. 490 (186 S. E. 436).  Flight itself is some evidence of guilt. *Thomas v. State*, 99 Ga. App. 25 (107 S. E. 2d 687).  But the presumption of guilt, if any, arising from mere ownership of an automobile will not sustain a conviction where it is shown that others than the defendant had equal access thereto and opportunity to place the illegal matter therein. *Shepherd v. State*, 77 Ga. App. 857 (50 S. E. 2d 111).

3. In the present case, the defendant was driving an automobile. He stopped behind a hotel and a man gave a piece of paper to a woman passenger seated in the right front seat.  Within the block the automobile and the defendant were stopped and searched.  The woman was not searched at that time because she was holding a baby, and the automobile, including the front floorboard, was given visual examination only.  No incriminating material was found.  The passenger remained in the front seat with a police officer who drove the car to the police station; the defendant was returned to the rear seat with another officer.  On arrival both parties were searched and nothing of an incriminating nature found; the automobile was again examined and a lottery writer's ticket on a white sheet of paper was found on the right front floorboard by the seat where the passenger had been sitting.  This passenger, on direct examination, testified as to the paper, "I did not have it in my possession on the 21st day of May, 1959."  On cross-examination her testimony was: "If I had possessed this piece of paper I wouldn't admit it."

From this testimony it is obvious that the paper was assumed by

the witnesses to be the same paper which they had seen an unidentified man hand to the passenger; that it was not on the floorboard when the automobile was first examined; that between that time and the time of the second examination it was placed on the right floorboard by somebody, and that the defendant, who was on the rear seat, under the observation of an officer who did not see him make any such move had little or no opportunity to place it in front; that the paper was presumably originally in the possession of the passenger, who was not searched, and that it was found in a location where she alone had good opportunity to place it. While it is true that even testimony which is self-contradictory may have probative value if the trior of facts chooses to believe it (*Sherman v. Stephens*, 30 Ga. App. 509 (4), 118 S. E. 567) and it is also true that although others than the owner and occupier of premises have equal opportunity to possess the illegal matter found therein, yet when all of such other persons swear positively that they did not know of its existence a conviction will still be sustainable (*Warren v. State*, 53 Ga. App. 221, 185 S. E. 385), nevertheless, in the present case not only did the witness cast grave doubts upon her testimony by swearing that if she had possessed the paper in question she would not admit it, but it affirmatively appears that the paper came to rest in the spot where it was found after the defendant was removed to the rear seat, and at a time when only the witness, her baby, and a police officer occupied the front seat, or else after such time when the defendant had already been removed from the automobile. The evidence is entirely circumstantial, and it fails to point with any certainty to the defendant's guilt. The mere fact that the passenger may have received the material, and thereafter placed it on the floorboard, does not implicate the defendant in the absence of any other circumstances to show that he was participating in the misdemeanor of aiding a lottery operation.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Carlisle, Frankum and Jordan, JJ., concur.*

DECIDED JANUARY 17, 1961.

*Wesley R. Asinof*, for plaintiff in error.

50

*Paul Webb, Solicitor-General, Eugene L. Tiller, Assistant Solicitor-General, John I. Kelley, Solicitor, Hinson McAuliffe,* contra.