## 24510. CRAGG v. THE STATE.

ALMAND, Presiding Justice. We review here an order overruling a demurrer to an indictment charging the appellant, Arthur Cragg, with the offense of "possessing obscene pictures."

The indictment charged the appellant "did unlawfully possess and have in his possession and under his control indecent and obscene photographs and negative film of a nude girl exhibiting her private parts and of nude girls exhibiting their private parts the said photographs and negative films tending to debauch the morals of persons to whom the same was exhibited and when considered as a whole the predominant appeal of said pictures and negative films is to prurient interest and a shameful and morbid interest in nudity and sex."

The indictment sought to charge an offense under *Code* § 26-6301 as amended by the Act of 1963 (Ga. L. 1963, pp. 78, 79) which provides: "Any person . . . who shall knowingly have possession of, or who shall knowingly exhibit . . . any obscene matter . . . shall . . . be guilty of a felony. . . As used herein, a matter is obscene if, considered as a whole, applying contemporary community standards, its predominant appeal is to prurient interest, i.e., a shameful or morbid interest in nudity, sex or excretion."
*Held:*

1. The first ground of the demurrer, that the indictment is duplicitous in that it charges (a) unlawful possession and (b) exhibition of obscene photographs and negative film, is without merit. The indictment charges only "possessing obscene pictures."

2. The second ground of the demurrer charges that the indictment fails to charge that the appellant "knowingly" had in his possession any matter alleged in the indictment. No error is enumerated on this ground.

3. Grounds 3, 4 and 5 of the demurrer, which complain that the indictment fails to allege (a) the name of a nude girl or that the name is unknown, (b) to whom any photograph or negative film had been exhibited and (c) what community may be involved or what standards may exist in such community, have been examined and found to be without substance.

4. Ground 6 of the demurrer asserts that the portion of "Code Ann. § 26-6301 under which a part of the indictment is returned which specifies 'a matter is obscene, if considered as a

whole, applying contemporary community standards' is violative of Art. I, Sec. IV, Par. I of the Georgia Constitution (*Code Ann.* § 2-401) which provides 'Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law. No general law affecting private rights, shall be varied in any particular case, by special legislation, except with the free consent, in writing, of all persons to be affected thereby; and no person under legal disability to contract, is capable of such consent.' The defendant [appellant] says that said code section is violative of said constitutional provision for the reason that the same shows on its face that it is not intended to be uniformly interpreted or uniformly applied throughout the State."

This ground is without merit. "Our State Constitution only requires a law to have uniform operation; and that means that it shall apply to all persons, matters, or things which it is intended to affect. If it operates alike on all who come within the scope of its provisions, constitutional uniformity is secured. Uniformity does not mean universality. This constitutional provision is complied with when the law operates uniformly upon all persons who are brought within the relations and circumstances provided by it. *Crovait v. Mason,* 101 Ga. 246 (28 SE 891)." *Cooper v. Rollins,* 152 Ga. 588, 592 (110 SE 726, 20 ALR 1105).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 13, 1968—DECIDED APRIL 4, 1968.

*John G. Davis,* for appellant.
*Herbert B. Kimzey, Solicitor General,* for appellee.