## 44402. WILLIAMS v. THE STATE.

HALL, Judge. This is the first direct appeal from the Criminal Court of Fulton County pursuant to the amendment to the Georgia Constitution ratified November 1967 and the Act authorizing such appeals to the Court of Appeals of Georgia, effective January 1, 1969 (Ga. L. 1967, p. 941; Ga. L. 1968, pp. 2969, 2970). The defendant appeals from the trial court's overruling of his motion to suppress the prosecution's evidence and to dismiss the accusation against him for assault of a police officer, the trial court having certified the order for immediate review.

At the hearing on the motion the defendant first called the police officer as an adverse witness for cross examination. He testified that he received a radio signal meaning "fire, disorder" and went to the defendant's residence. When he got there the defendant's wife came out on the porch. He went up on the porch and found the defendant's wife and mother-in-law were scared; they grabbed him and took him to the rear of the house. The wife asked him to go in the house. He talked to the wife and she showed him a pile of papers in the back of the house. The defendant came in from another room and the officer tried to ask him about setting the

house on fire. The defendant was mumbling and cussing and stated somebody stole his snuff, and officers had caught him and hurt him in some way. He told the defendant he was not going to hurt him, and "that's when he turned on me." The defendant then presented as witnesses the defendant's wife, mother-in-law, and daughter who contradicted the officer's testimony.

The evidence recited above supports a finding that the officer entered the premises lawfully without a warrant, at the request of the defendant's wife, to investigate the report of an offense. See *Thomas v. State,* 118 Ga. App. 359, 362 (163 SE2d 850). There was no evidence that the officer attempted to arrest the defendant. The case of *Ronemous v. State,* 87 Ga. App. 588, 591 (74 SE2d 676), relied on by the defendant, is therefore not applicable.

The record does not support the defendant's argument that "the police officer's entry . . . was manifestly illegal" and therefore "any evidence of the crime . . . attempted arson, assault and battery, or any other, as a result of such entry . . . would be patently illegal and inadmissible"; and we know of no law that would prohibit the officer testifying as to the facts and circumstances surrounding the alleged assault upon him.

The trial court did not err in overruling the motion to suppress evidence and dismiss the accusation.

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*

Argued April 8, 1969—Decided April 17, 1969.

*Daniel C. B. Levy,* for appellant.

*Hinson McAuliffe, Solicitor, Thomas Moran, Frank A. Bowers,* for appellee.