## 48666. BRISENDINE v. THE STATE.

HALL, Presiding Judge. Defendant appeals with a certificate from an order overruling his motion to suppress evidence. At the hearing the testimony of the officers was that they observed defendant's car weaving dangerously while traveling down the highway; the officers stopped the vehicle and observed that when the defendant stepped from the car he appeared intoxicated (unsteady on his feet and his pupils were dilated); he was arrested for driving under the influence and driving without a license; while frisking the defendant for weapons, the officers observed a plastic bag of marijuana hanging out of his coat pocket; one officer went back to the car and asked the passenger if he had

been drinking; the passenger acted strangely and was asked to step out of the car; when he stepped out of the car, one officer observed what he believed to be marijuana vegetation and marijuana seeds on the floorboard where the passenger's feet had been; the officer looked into a large plastic garbage bag that had been between the passenger's feet; the bag contained five small green plastic bags of marijuana, two small clear plastic bags of marijuana and two blocks of marijuana. The defendant testified in direct contradiction to several aspects of the officers' testimony. The motion to suppress was directed toward the contents of the plastic bag found in the car.

1. The credibility of the witness is for the trial judge's determination. *Simmons v. State,* 111 Ga. App. 553, 554 (142 SE2d 308); *Goggans v. State,* 14 Ga. App. 822 (82 SE 357). His judgment will "not be disturbed by a reviewing court if there is any evidence to support it." *West v. West,* 228 Ga. 397, 398 (185 SE2d 763). Therefore, where there is a conflict in the evidence on the motion to suppress, the ruling of the trial court will be upheld where there is any evidence to authorize a finding in support of his order. *Williams v. State,* 119 Ga. App. 557 (167 SE2d 756); *Hunt v. State,* 8 Ga. App. 374, 377 (69 SE 42).

2. Under the "plain view" doctrine, evidence discovered by mere observation of things in plain view of the officer does not constitute a search. Ker v. California, 374 U. S. 23, 42-43 (83 SC 1623, 10 LE2d 726); Harris v. United States, 390 U. S. 234, 235 (88 SC 992, 19 LE2d 1067). These decisions point out that in order for the doctrine to apply, the observer must have the right to be in the position to have that view and the seizure without a warrant must be based upon "exigent circumstances" justifying the failure to obtain a warrant. Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564). While a plurality of the Supreme Court has said that the discovery must be "inadvertent," id., there is no definitive holding on this point.

The evidence supports a finding that the officer had the right to be in position to see the marijuana vegetation and seeds on the floorboard.

The trial court did not err in overruling the motion to suppress. *Judgment affirmed. Evans and Clark, JJ., concur.*

Argued October 3, 1973 — Decided November 16, 1973.

*Driebe & McAllister, J. Dunham McAllister,* for appellant.
*William H. Ison, District Attorney, Robert E. Keller,* for appellee.