## 28922. THE STATE v. SWIFT.

UNDERCOFLER, Justice.

In March, 1973, a rock festival was held on Jekyll Island. A roadblock was set up by city and county law enforcement personnel to check for drivers' licenses, for car inspection stickers and registrations, for fugitives and for runaways. At times members of the Georgia State Patrol were present. When the car in which Michael Swift was riding was stopped at the roadblock, an officer testified that he walked around the car and saw green vegetation on the floormat which he identified as marijuana. A search of the car was then conducted and a bag of marijuana was found in the glove compartment. Swift was arrested and charged with marijuana possession. Swift contended that the officer did not see marijuana on the floormat and conducted an illegal search of his car. He moved to suppress the evidence which was denied by the trial court. A majority of the Court of Appeals reversed this ruling because they found that the roadblock was illegal and a subterfuge. We granted the writ of certiorari to review this judgment. *Held:*

1. "It has been held that police officials may set up highway roadblocks for the purpose of requiring motorists to display their driver's license, and that such a practice does not invade their right to use the public ways free from unreasonable and unwarranted interception. Nor does such a practice constitute an unlawful arrest or restraint or an illegal search contrary to the United States Constitution." 7 AmJur2d 669, § 98.

"The state can practice preventative therapy by reasonable road checks to ascertain whether man and machine meet the legislative determination of fitness. That this requires a momentary stopping of the traveling citizen is not fatal. Nor is it because the inspection may produce the irrefutable proof that the law has just been violated. The purpose of the check is to determine the present, not the past: *is* the car, *is* the driver now fit for further driving? In the accommodation of society's needs to the basic right of citizens to be free from disruption of unrestricted travel by police officers stopping cars in the

hopes of uncovering the evidence of non-traffic crimes [cits.], the stopping for road checks is reasonable and therefore acceptable. Likewise, an arrest is proper if the check reveals a current violation which by its nature must have been taking place in the immediate past." Myricks v. United States, 370 F2d 901, 904; *Conner v. State,* 130 Ga. App. 74 (202 SE2d 200).

Law enforcement officers may arrest "persons accused of violating any law or ordinance governing the operation, licensing, registration, maintenance and inspection of motor vehicles by the issuance of a citation, providing said offense is committed in his presence." Ga. L. 1969, p. 759 (Code Ann. § 27-222).

On motion to suppress evidence, the trial judge sits as the trior of the facts, hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. *West v. West,* 228 Ga. 397, 398 (185 SE2d 763).

The trial judge was authorized to find from the evidence that the roadblock in question was valid and was used primarily to perform routine traffic checks.

2. A police officer testified that after the vehicle in which Swift was riding was stopped, he walked around the car and saw green vegetation on the floormat which he identified as marijuana. Swift denied that the marijuana was in plain view.

In Coolidge v. New Hampshire, 403 U. S. 443, 465 (91 SC 2022, 29 LE2d 564), the Supreme Court of the United States held, "It is well established that under certain circumstances the police may seize evidence in plain view without a warrant." Since the marijuana was in plain view, the officer had probable cause to search the vehicle without a warrant. Chambers v. Maroney, 399 U. S. 42, 48 (90 SC 1975, 26 LE2d 419).

"The credibility of the witness is for the trial judge's determination. *Simmons v. State,* 111 Ga. App. 553, 554 (142 SE2d 308); *Goggans v. State,* 14 Ga. App. 822 (82 SE 357). His judgment will 'not be disturbed by a reviewing court if there is any evidence to support it.' *West v. West,* 228 Ga. 397, 398 (185 SE2d 763). Therefore, where there is a conflict in the evidence on the motion to suppress,

the ruling of the trial court will be upheld where there is any evidence to authorize a finding in support of his order. *Williams v. State,* 119 Ga. App. 557 (167 SE2d 756); *Hunt v. State,* 8 Ga. App. 374, 377 (69 SE 42)." *Brisendine v. State,* 130 Ga. App. 249 (1) (203 SE2d 308).

*Judgment reversed. All the Justices concur. Hall, J., disqualified.*

ARGUED JUNE 10, 1974 — DECIDED JUNE 25, 1974 — REHEARING DENIED JULY 16, 1974.

*Arthur K. Bolton, Attorney General, R. David Peterson, Deputy Assistant Attorney General, Glenn Thomas, Jr., District Attorney,* for appellant.

*J. S. Hutto & Associates, Randall M. Clark, Edward E. Boshears,* for appellee.