## 29842. SANDERS v. THE STATE.

INGRAM, Justice.

The film, "Deep Throat," is here for review of the trial court's judgment that it is obscene. This court has viewed the film and considered the enumerations of error. In our judgment, the film is obscene as a matter of law and fact.

Appellant's motion for a trial by a jury of not less than twelve jurors was properly denied by the trial court. Only five jurors are required by statute for the trial of misdemeanor cases in the Criminal Court of Fulton County. See Ga. L. 1890-91, Vol. 2, p. 935, as amended by Ga. L. 1935, p. 498. The present Constitution authorizes the General Assembly to prescribe any number, not less than five, to constitute a trial jury except in the superior court where twelve jurors are mandatory. See Code Ann. § 2-5101.

Appellant also argues that a jury of five persons is

"constitutionally inadequate" because it denies him equal protection of the law. We reject this argument in view of Georgia authority to the contrary. See *McIntyre v. State,* 190 Ga. 872 (5) (11 SE2d 5). The Supreme Court of the United States has not determined what minimum number of jurors can still constitute a "jury." In Williams v. Florida, 399 U. S. 78, 92 (Fn. 28) it is observed: "We have no occasion in this case to determine what minimum number can still constitute 'a jury,' but we do not doubt that six is above that minimum." Absent a holding by the United States Supreme Court that a five-man jury is constitutionally inadequate, we approve the constitutional minimum of five prescribed by the 1945 Constitution of Georgia for all courts except superior courts.

We find no error for any reason enumerated and argued in this appeal and affirm the trial court. See *Dyke v. State,* 232 Ga. 817 (209 SE2d 166) (cert. denied by U. S. Supreme Court April 28, 1975).

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

ARGUED APRIL 16, 1975 — DECIDED JUNE 2, 1975 — REHEARING DENIED JUNE 17, 1975.

*Glenn Zell,* for appellant.
*Tom Moran, Assistant Solicitor,* for appellee.