## 30934. HOPPER v. KEMP.

NICHOLS, Chief Justice.

This is an appeal in a habeas corpus case where the court hearing the petition ordered the trial court's judgment vacated and required that the prisoner be reindicted and retried within a stated period of time.

The indictment was signed by the foreman of the grand jury but did not contain the names of the members of the grand jury who acted on such true bill. The habeas court held that while the prisoner could waive such defect the record in this case does not disclose that the prisoner himself waived this formal requirement of the indictment, either orally or in writing, prior to trial, and that such right could not be waived by the attorney for the prisoner without the prisoner's consent.

Code § 27-701 prescribes the form of an indictment. Such language has not changed in over 100 years. See *Horne v. State,* 37 Ga. 80, 90 (1867). Nor have the requirements of Code § 27-1601 been amended, which require that defects as to form in indictments must be raised before trial.

In 1899 this court had for decision the question of whether with the consent of counsel, an indictment could

be amended prior to trial by adding the names of the members of the grand jury where through inadvertence the names were not originally included on the indictment. It was there held (*Williams v. State,* 107 Ga. 721 (33 SE 648)), that the defect was one of form only. The defect being one of form only cannot be raised after verdict. Accordingly the judgment of the habeas corpus court which held that any defect in an indictment in a capital felony case must be waived by the defendant and cannot be waived by counsel without the defendant's consent or by going to trial without objection must be reversed. A defect as to form is waived by going to trial without objection.

The judgment of the habeas corpus court requiring the prisoner to be reindicted and retried is reversed.

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 16, 1976 — DECIDED APRIL 6, 1976.

*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellant.
Donn Anthony Kemp, *pro se.*