No. 75–707. SANDERS *v.* GEORGIA. Sup. Ct. Ga. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted in the Criminal Court of Fulton County, Ga., on two counts of exhibiting obscene materials in violation of Ga. Code Ann. § 26–2101 (1972) (now superseded by Ga. Acts 1975, p. 498). The convictions were based upon two exhibitions of a motion picture film entitled "Deep Throat." Section 26–2101 (a) provides in pertinent part:

> "A person commits the offense of distributing obscene materials when he . . . exhibits or other-

wise disseminates to any person any obscene material of any description, knowing the obscene nature thereof . . . ."

Under § 26–2101 (b):

"Material is obscene if considered as a whole, applying community standards, its predominant appeal is to prurient interest, that is, a shameful or morbid interest in nudity, sex or excretion, and utterly without redeeming social value and if, in addition, it goes substantially beyond customary limits of candor in describing or representing such matters . . . ."

The judgment of conviction was ultimately affirmed by the Georgia Supreme Court, 234 Ga. 586, 216 S. E. 2d 838 (1975).

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 26–2101 (a), as it incorporates the definition of obscene material in § 26–2101 (b), is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari and, since the judgment of the Georgia Supreme Court was rendered after *Miller,* reverse. In that circumstance, I have no occasion to consider whether the other question presented by petitioner merits plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Finally, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioner must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his convictions have ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioner should be afforded a new trial under local community standards.