## 53938. TATE v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for two counts of unlawful sale of heroin in violation of the Georgia Controlled Substances Act. *Held:*

1. The defendant contends that the state's witness used to identify the substance sold by defendant "had not been qualified as an expert." Whether a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused will not be disturbed. *Rouse v. Fussell,* 106 Ga. App. 259 (4) (126 SE2d 830); *Brown v. State,* 140 Ga. App. 160, 163 (5) (230 SE2d 128). Generally nothing more is required to qualify a witness as an expert than he has been educated in a particular trade or profession; and special knowledge involving a particular subject may be derived from experience as well as study and mental application. *Frazier v. State,* 138 Ga. App. 640, 645 (227 SE2d 284).The witness here received a bachelor of science degree from Georgia State University and had been employed by the state crime laboratory for approximately three years. While so employed he received training in the methods used by the crime laboratory in identification of drug compounds. The defendant declined to cross

examine the witness as to his expert qualifications. We find no abuse of discretion of the trial court, and no merit to this enumeration.

2. Count 1 of the indictment alleged, in part, that the defendant on July 31, 1975, ". . .did unlawfully sell Heroin to. . ." a person who was an undercover agent for the Atlanta Narcotics Squad. Count 2 of the indictment alleged that the defendant on August 1, 1975, ". . .did unlawfully sell Heroin to. . ." the same undercover agent. At trial, the state introduced evidence that the defendant made two separate sales of heroin on each day for a total of four sales to the undercover agent. Defendant then made a motion for a mistrial on the basis that the "indictment was not certain."

Our Code provides that "[a]ll exceptions which go merely to the form of an indictment shall be made before trial; and no motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment." Code § 27-1601. Here, the motion came too late and did not affect the merits of the offense charged. An oral motion to quash an indictment, which is made after the issue has been joined raises only a question of whether the indictment is so defective that motion in arrest of judgment would lie. *Curtis v. State,* 102 Ga. App. 790 (1) (118 SE2d 264). The indictment here was not so defective. *Gilmore v. State,* 118 Ga. 299 (45 SE 226).

This enumeration is without merit for another reason. We find the indictment sufficiently technical and correct as it states the offense charged in the terms and language of the Code section violated, and in such plain language that the nature of the offense charged can easily be understood by the jury. See Code § 27-701; *Lanthrip v. State,* 235 Ga. 10 (218 SE2d 771). Furthermore, any defect as to form of the indictment is waived by going to trial without objection. *Hopper v. Kemp,* 236 Ga. 615, 616 (225 SE2d 15).

Simply stated, the alleged defect is that defendant was charged with the sale of heroin on July 31 and August 1, and the state proved such sale, but in a number of times more than was anticipated by the defendant. The defendant may have been misled but the indictment did

not restrict the number of sales to any particular number. It is permissible to embrace in a single count more than one crime of the same type. Such a count does not charge separate offenses — but includes only one offense. *Young v. State,* 4 Ga. App. 827 (4) (62 SE 558); *Westfall v. State,* 4 Ga. App. 834, 838 (1) (62 SE 558).

Neither is the indictment subject to objection on the ground that there is a fatal variance between the allegation and the proof. We apply the test of Berger v. United States, 295 U. S. 78 (55 SC 629, 79 LE 1314) and *Byers v. State,* 236 Ga. 599, 600 (225 SE2d 26) and find no fatal variance.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

SUBMITTED MAY 10, 1977 — DECIDED JUNE 1, 1977.

*William M. Moran,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.