## 54054. ROBINSON v. THE STATE.

MARSHALL, Judge.

Appellant appeals his conviction for a violation of the illegal sale of pornographic paraphernalia, a misdemeanor, and his sentence to confinement for 12 months. He does not raise any issue as to the sufficiency of the evidence, but restricts his enumerations of error to the denial of numerous pre-trial motions, and a related charge of the court. The evidence shows that Robinson was an employee in an "adult book store" in the City of Atlanta. A police officer on the pornographic enforcement squad entered the store, perused magazines displayed on the stands and marked with a selling price, picked one out, and attempted to purchase the magazine. Robinson recognized the officer, and refused to sell the magazine for the stated reason that to do so would subject him to arrest. The officer left the store, and a back-up officer, not known to Robinson, entered the store and picked up another magazine and started to purchase it. At that moment, the first officer re-entered the store, and Robinson refused to complete the sale to the second officer. The officers observed numerous artificial devices apparently designed to stimulate human sexual organs, such as rubber penis, penis extensions, a penetratable, life-sized rubber doll, and penetratable objects in the shape of a female vagina.

These items were in plain view, priced, and apparently available for sale. The rubber stimulators and two magazines were confiscated, and Robinson was placed under arrest. Inasmuch as Robinson was the sole clerk in the store, and pursuant to the previous instructions of the owners or operators of the store, the store was closed and locked upon Robinson's arrest. The appellant asserts as enumerations of error that there was an illegal search and seizure; that the locking of the store was a prior restraint without a hearing; that the combining in one count of the sale or possession with intent to sell of magazines, with the items for erotic stimulation, was duplicitous and that the statute involved was violative of constitutional norms because of vagueness, overbreadth, and imperfect standards and definitions; that trial by a jury of five violated due process; as well as error in certain charges of the trial court. *Held:*

1. Because of the constitutional questions raised this case was transferred to the Supreme Court. That court, upon concluding that all constitutional questions raised had previously been passed upon in earlier controversies, returned the case to this court for consideration.

2. The first and fourth enumerations complain that Code Ann. § 26-2101 (c) (Ga. L. 1968, pp. 1249, 1302; 1971, p. 344; 1975, p. 498) violates constitutional norms. Georgia's obscenity statute has previously withstood the same attacks made here. The 1975 amendment to this section simply defined in more definite terms what had been previously referred to as "material," and made no substantive change so as to require a new determination as to the constitutional issues sought to be raised. There is no merit to these two enumerations. *Sewell v. State,* 238 Ga. 495 (1) (233 SE2d 187) (1977).

3. Enumerations 2, 6, 7, and 8 assert that the trial judge erred in allowing the jury to consider as one offense the sale of or the possession with intent to sell the two magazines, together with the stimulative devices; in refusing to require the jury to make a separate finding as to obscenity as to each item; in giving a charge defining two offenses, yet requiring the jury to return a single verdict; and in requiring the jury to apply to the stimulative devices the standards of obscenity relative to

the magazines. As all of these enumerations are related, they are subject to the same general answer. As stated by the Supreme Court in *Sewell v. State,* 238 Ga. 495, supra, the addition of subsection (c) to Code Ann. § 26-2101 did not create a new crime. The 1975 amendment simply defined in more concrete terms what had been referred to previously as "material," and made no substantive change in the law against distributing obscene materials. It is permissible to embrace in a single count multiple commissions of the same crime, if of the same type. Such a count does not charge separate offenses, but includes only one offense. *Westfall v. State,* 4 Ga. App. 834 (1) (62 SE 558) (1908); *Young v. State,* 4 Ga. App. 827 (4) (62 SE 558) (1908). See *Cragg v. State,* 224 Ga. 196 (160 SE2d 817) (1968); *Millhollan v. State,* 221 Ga. 165 (2) (143 SE2d 730) (1965). In this case, the appellant was charged with selling or possessing with intent to sell 59 separate, obscene items. The trial court meticulously defined obscenity, the matter of intent, and the other pertinent elements of distributing obscene material. The statute provides that it is a violation to sell "any" obscene material or to possess the same with the intent to sell. In this case, the jury could lawfully return a finding of guilty of distributing obscene material upon being convinced beyond reasonable doubt that any one of the 59 items was obscene. The jury had the benefit of its own visual observation of the evidence, the testimony of a defense expert, and its own knowledge of contemporary community standards as defined and limited by the charge of the court. We cannot say that the jury's finding that any one or all of the items were obscene, is unsupported by the evidence nor that they were required to make separate findings as to each item where a finding as to any one is sufficient to support the verdict and sentence. See *Lowe v. State,* 57 Ga. 171 (2) (1876). For the same reasons, it was not error for the trial judge to charge the jury the same standards of obscenity applied to both the magazines and the stimulative devices, inasmuch as stimulative devices and magazines are a part of the generic term "obscene material."

4. In his third enumeration of error, the appellant maintains that a five-man jury violates the concepts of

due process. Contrary to his position, the Supreme Court of our state has held that, absent a holding by the United States Supreme Court that a five-man jury is constitutionally inadequate, a five-man jury is constitutionally adequate as prescribed by the 1945 Constitution of Georgia for all courts except the superior courts. *Sanders v. State,* 234 Ga. 586, 587 (216 SE2d 838) (1975); *Ballew v. State,* 138 Ga. App. 530, 535 (6) (227 SE2d 65) (1976). This enumeration is without merit.

5. In the fifth enumeration of error, Robinson argues that the trial judge erred in overruling his motion to suppress the evidence of the seizure of the magazines and devices. The basis of this enumeration is that there had been no warrant or judicial determination as to obscenity, and thus that the forced closing of the book store amounted to a prior restraint of future sales of valid as well as invalid merchandise. The arresting officer testified that he was familiar with the displayed merchandise, and that all the material confiscated clearly violated the statute. It was openly displayed in plain view for everyone who entered to see. The seizure here comes within the plain-view doctrine, as held in *State v. Swift,* 232 Ga. 535 (2) (207 SE2d 459) (1974), acknowledging the validity of the holding in *Brisendine v. State,* 130 Ga. App. 249 (1) (203 SE2d 308) (1973). Devices such as those involved here do not require a separate adjudication to avoid prior restraint, as required in cases of films or printed material. If they come within the definition in the statute, they are obscene as a matter of law. *Sewell v. State,* 238 Ga. 495, supra, p. 496. The two magazines were sold or offered for sale, and thus became evidence of a violation of law committed in the presence of the officer. As to the closing of the store, this was not a padlocking by the state. The owner or operator of the store voluntarily elected to close the store. Thus, there was no state-initiated or state-enforced restraint as a matter of law of the right to continue to conduct a lawful business. This enumeration likewise is without merit.

*Judgment affirmed. Webb, J., concurs. Deen, P. J., concurs specially.*

SUBMITTED JUNE 6, 1977 — DECIDED JULY 7, 1977 —

REHEARING DENIED JULY 21, 1977 —

*Nadler, Gold & Beskin, Gary M. Nadler, Donald C. Beskin,* for appellant.

*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, Assistant Solicitor,* for appellee.

DEEN, Presiding Judge, concurring specially.

The record reflects that the defense expert referred to in Division 3 was a sex expert in pornotherapy, a member of The American Association of Sex Counselors, certified by the State of Georgia Vocational Rehabilitation and the Department of Family and Children Services, a licensed clinical psychotherapist on the staff of a psychiatric hospital, a lecturer at Emory University, has worked with the Atlanta Public School System and has done juvenile counseling. He testified: "Although I have worked with some unusual cases of children, five year olds — excessive masturbation, those kinds of things," it appears that most of his work in the sexuality problem area was with adults "having trouble relating to each other." He testified generally that the two magazines under consideration, "Raw Passion" and "Cock Hungry," the rubber penis extensions, plastic vaginas, battery run vibrators, "french ticklers," explicit magazine photograph closeups of group sex in differing positions were educational, beneficial and contain scientific value for the average woman and man. He felt that the average person would not view this material exclusively or primarily with prurient interest, and that the two magazines and materials do have scientific value. He further stated that there is a strong opinion that repressed sexuality can lead to violent outpourings "going on to violent crime" if this type material and magazines were not available for use. The reverse of this was discussed, but this latter argument was not considered in the majority view or minority view of "The President's Commission on Obscenity and Pornography" wherein the Congress of the United States had expressed "the traffic in obscenity and pornography is a matter of

national concern."

The jury, a cross section of average citizens, could have rejected and chose to disbelieve the testimony of the expert witness as to close up photographs of group sex containing scientific value for the average woman or man and may have chosen to "use their own common sense as intelligent human beings. . ." *Feldschneider v. State,* 127 Ga. App. 745, 746 (195 SE2d 184), or they may have decided the "right of privacy" to control their own body politic of community standards superseded the First Amendment rights of defendant, particularly since obscenity is not protected by First Amendment freedoms. Compare Roe v. Wade, 410 U. S. 113, and Doe v. Bolton, 410 U. S. 179.