A94A0096. SEAGRAVES v. THE STATE.
(442 SE2d 312)

McMURRAY, Presiding Judge.

Reserving his right to challenge the denial of his motion to suppress evidence on appeal, defendant pleaded guilty to various drug and firearm charges. This appeal followed the imposition of sentence. *Held*:

1. "The trial judge was authorized to find from the evidence that the roadblock in question was valid and was used primarily to perform routine traffic checks." *State v. Swift*, 232 Ga. 535 (1), 536 (207 SE2d 459).

2. The trial court did not err in finding that the officer was authorized to ask defendant to pull to the side of the road for a sobriety check. "Given the enormous danger to the public created by the presence of drunk drivers on the roadways, it follows that the officers were justified in attempting to obtain more information concerning his condition before allowing him to continue on his way. Furthermore, given the fact that the defendant had already been momentarily detained at the roadblock, the brief additional intrusion occasioned by asking him to get out of his vehicle to submit to the field sobriety tests must be considered minimal. [Cits.]" *State v. Golden*, 171 Ga. App. 27, 31 (318 SE2d 693).

3. "The credibility of the witness is for the trial judge's determination. [Cits.] His judgment will 'not be disturbed by a reviewing court if there is any evidence to support it.' [Cit.] Therefore, where there is a conflict in the evidence on the motion to suppress, the ruling of the trial court will be upheld where there is any evidence to authorize a finding in support of his order. [Cits.]" *Brisendine v. State*, 130 Ga. App. 249, 250 (1) (203 SE2d 308). The officer's testimony supported the trial court's finding that defendant gave the officer consent to search the automobile.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED MARCH 21, 1994.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.