## 31875. SEWELL v. THE STATE.

NICHOLS, Chief Justice.

Appellant is the operator of an adult book store located in Fulton County. He was arrested after selling a magazine called Hot and Sultry and an artificial vagina to a law enforcement officer. At the time of his arrest several other artificial sexual devices on display were seized. He was tried and convicted of violating Code Ann. § 26-2101 (c), which provides: "Additionally, any device designed or marketed as useful primarily for the stimulation of human genital organs is obscene material under this section."

1. The first enumeration of error contends the above-quoted statute is unconstitutional for vagueness and overbreadth. Georgia's obscenity statute has previously withstood the same attacks made here. The 1975 amendment to this section (Ga. L. 1975, p. 498), simply defined in more definite terms what had been previously referred to as "material," and made no substantive change so as to require a new determination as to the constitutional issues sought to be raised. *Dyke v. State,* 232 Ga. 817 (I) (209 SE2d 166) (1974) and cits. There is no merit in this enumeration of error.

2. The second enumeration of error contends it was error to overrule the motion to suppress because the evidence was seized without a warrant. The arresting officer testified that all the "material" confiscated was displayed in a glass case in plain view for everyone who walked in to see. The seizure here comes within the plain view doctrine as held in *State v. Swift,* 232 Ga. 535 (2) (207 SE2d 459) (1974), quoting from *Brisendine v. State,* 130 Ga. App. 249 (1) (203 SE2d 308) (1973). The trial court did not err in overruling the motion to suppress.

3. The third and fourth enumerations of error contend the evidence did not support the verdict. We have reviewed the transcript and viewed the exhibits transmitted to this court and find no merit in these enumerations of error.

4. The fifth enumeration of error complains of the charge on constructive knowledge as a violation of constitutional requirements of scienter as set forth in

Hamling v. United States, 418 U. S. 87 (94 SC 2887, 41 LE2d 590) (1973). In Hamling, supra, at p. 123, the court held: "It is constitutionally sufficient that the prosecution show that a defendant had knowledge of the contents of the materials he distributed, and that he knew the character and nature of the materials. To require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming that he had not brushed up on the law. Such a formulation of the scienter requirement is required neither by the language of 18 USC § 1461 nor by the Constitution."

The charge given here was in the exact language of the Code section and did not place a greater burden on appellant than "knowledge of the contents of the materials he distributed." There is no merit in this enumeration of error.

5. The sixth enumeration of error contends the materials are not obscene as a matter of law and are protected expressions under the First and Fourteenth Amendments. It has been held many times by both this court and the United States Supreme Court that obscene material does not come within the protection of the First Amendment.

Devices such as those involved here do not require a separate adjudication to avoid prior restraint as required in cases of films, books, magazines and other printed material. If they come within the definition in the statute, they are obscene as a matter of law. There is no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur, except Gunter, Ingram and Hall, JJ., who concur in the judgment only.*

SUBMITTED JANUARY 25, 1977 — DECIDED FEBRUARY 23, 1977 — REHEARING DENIED MARCH 9, 1977.

*Gilbert H. Deitch, Michael Clutter,* for appellant.
*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, Assistant Solicitor,* for appellee.