## 54503. WOOD v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of two counts of selling obscene material, viz., two magazines. On appeal he does not raise any issue concerning the sufficiency of the evidence.

On June 4, 1976, at about 1:30 p. m., an Atlanta policeman purchased a magazine from defendant who was the only attendant present at the "Plaza Adult Bookstore." This officer returned to this store at about 4:30 p. m., and purchased another magazine from defendant. He then arrested defendant. The latter voluntarily locked the store and was taken to the police station. The officer made the arrest without a warrant. *Held:*

1. A pre-trial motion to dismiss was denied. The basis for the motion was that since the arresting officer had not obtained a prior judicial determination as to whether the two magazines were obscene and hence no arrest warrant, the arrest and the resulting closing of the store amounted to a prior restraint of expression in violation of the First Amendment of the Constitution. In *Hall v. State,* 139 Ga. App. 488 (229 SE2d 12), and relying on Roaden v. Kentucky, 413 U. S. 496 (93 SC 2796, 37 LE2d 757), as controlling authority, it was held that the arrest and seizure of obscene materials without a constitutionally sufficient warrant is unreasonable and the evidence not admissible. These cases are inapposite as we are not dealing with a *seizure* of evidence following a warrantless arrest. Here the policeman purchased the two magazines which form the basis for this prosecution. We have examined them and they clearly show that the officer had probable cause to arrest the defendant because of a violation of our obscenity statute committed in the officer's presence. The defendant then voluntarily locked the store. There was no prior restraint of the freedom of expression by any unlawful state-initiated or state-enforced restraint. See *Robinson v. State,* 143 Ga. App. 37 (237 SE2d 436).

2. The accusation was drawn in two counts alleging two separate violations of Code § 26-2101 on the same day.

The evidence shows that purchases were made on the same date but at different times. Thus two separate crimes were alleged and proven. See *Rucker v. State,* 133 Ga. App. 180 (210 SE2d 365). It was not error to overrule defendant's demurrer on the ground that there was only one crime committed, and that the accusation alleged the same offense twice.

3. The court charged the jury on constructive knowledge in the exact language of Code § 26-2101 (a). The identical contention made here that this charge violates minimum constitutional standards set forth in Hamling v. United States, 418 U. S. 87 (94 SC 2887, 41 LE2d 590), has been rejected by the Supreme Court in *Sewell v. State,* 238 Ga. 495 (233 SE2d 187).

4. The court charged the jury that: "The acts of a person of sound mind and discretion are presumed to be the product of a person's will." This is a correct statement of the law. *Nunnally v. State,* 235 Ga. 693 (221 SE2d 547).

5. The constitutionality of Code § 26-2101 has been upheld by the Supreme Court in *Dyke v. State,* 232 Ga. 817 (1) (209 SE2d 166), and again in *Sewell v. State,* 238 Ga. 495, supra. Here the defendant has again made the same constitutional attack on the statute which has been rejected by the above cases. Thus, nothing is presented for review on the constitutionality of the statute. *Huguley v. State,* 225 Ga. 191 (167 SE2d 152).

6. As two crimes were committed, a separate sentence as to each was authorized. *Rucker v. State,* supra.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED SEPTEMBER 21, 1977 — DECIDED NOVEMBER 14, 1977 — REHEARING DENIED DECEMBER 5, 1977 —

*Glenn Zell,* for appellant.

*Hinson McAuliffe, Solicitor, Richard E. Stark, Assistant Solicitor,* for appellee.