## 54669. SIMPSON v. THE STATE.

QUILLIAN, Presiding Judge.

Appellant was an operator of an "Adult Bookstore" in Fulton County. He was arrested by an investigator from the solicitor's office of the State Court of Fulton County after the officer purchased two magazines from the appellant which had been on display, titled "Sexmates," and "Dildoe Lovers." The magazines were wrapped in

cellophane, with the covers visible but not the interior. Following the arrest, the officer confiscated a box of sexually related paraphernalia on display in a glass counter and on a pegboard behind the counter. All items were in plain view of anyone who entered the store. Appellant was indicted, tried, and convicted, on three counts of distributing obscene material in violation of Code Ann. § 26-2101 (Ga. L. 1968, pp. 1249, 1302; 1971, p. 344; 1975, p. 498). He appeals his conviction. *Held:*

1. Appellant contends that Code Ann. § 26-2101 (c) is violative of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution for vagueness, overbreadth, and permitted "censorship and suppression resulting in the prior restraint on the free exercise of the Defendant's right of free speech." This case was transferred to this court by the Georgia Supreme Court with a holding that "[t]he constitutional grounds asserted in this appeal" had been decided adversely to the appellant in *Sewell v. State,* 238 Ga. 495 (233 SE2d 187). This enumeration is without merit.

2. Counsel for appellant allege these items were "seized without a warrant and without legal authorization," therefore in violation of the First, Fourth, and Fourteenth Amendments to the U. S. Constitution. In *Sewell,* as in this case, the police officer first purchased a magazine, arrested the defendant, and then seized other items in plain view of all persons who entered the store. *Sewell* also decided this issue against the appellant as such seizure came within the "plain view" doctrine of Harris v. United States, 390 U. S. 234 (88 SC 992, 19 LE2d 1067). See also *State v. Swift,* 232 Ga. 535 (2) (207 SE2d 459).

3. It is argued that the seized items are "not obscene as a matter of law," thus, are protected expression under the First and Fourteenth Amendments of the U. S. Constitution. We do not agree.

"Obscenity" is not protected by the free speech clause of the First Amendment of the Constitution and may be regulated by the state. Miller v. California, 413 U. S. 15 (93 SC 2607, 37 LE2d 419); *Slaton v. Paris Adult Theatre I,* 231 Ga. 312, 314 (201 SE2d 456). Our Code Ann. §

26-2101 (b) states: "Material is obscene if. . . applying contemporary community standards, taken as a whole, it predominantly appeals to the prurient interest, that is a shameful or morbid interest in nudity, sex or excretion; (2) the material taken as a whole, lacks serious literary, artistic, political or scientific value, and (3) the material depicts or describes, in a patently offensive way, sexual conduct specifically defined. . ." in the statute.

These two magazines deal with explicit sexual activity, natural, unnatural, and bizarre; including sexual intercourse, fellatio, cunnilingus, and use of sexual aids for stimulating the genitals of the female sex.

While this court does not normally sit in nisi prius to view, assess, and decide controversial factual questions, in the present instance the United States Supreme Court, in Jenkins v. Georgia, 418 U. S. 153, 160 (94 SC 2750, 41 LE2d 642), held that we must review independently the constitutional issue of obscenity and make such a determination.

Applying contemporary community standards and considering the magazines and confiscated material as a whole, we find the predominant appeal is to the prurient interest and depicts, in a patently offensive way sexual acts, excretory functions, lewd exhibition of the genitals, and other sexual conduct specifically proscribed by the statute. The magazines are wholly devoid of any serious literary, artistic, political or scientific value. They are totally obscene as a matter of fact and a matter of law, thus, are not protected expression under the First or Fourteenth Amendments. Miller v. California, 413 U. S. 15, supra.

We have viewed the confiscated sexual paraphernalia and find they are, without doubt, designed primarily for stimulation of genital organs in violation of Code Ann. § 26-2101 (c), supra, as testified to by the state's witness. We find this enumeration to be without legal merit. Sewell v. State, 238 Ga. 495, supra.

4. Appellant's fourth enumeration that "scienter" cannot be established by proof of "constructive knowledge," as permitted by statute, has been decided previously and adversely to him by Sewell v. State, 238 Ga. 495 (4), supra. Accord, Dyke v. State, 232 Ga. 817, 822

(209 SE2d 166); *Ballew v. State,* 138 Ga. App. 530, 534 (227 SE2d 65).

*Judgment affirmed. Shulman and Banke, JJ., concur.*

Submitted October 11, 1977 — Decided January 9, 1978 — Rehearing denied February 1, 1978 —

*Michael Clutter, Robert Eugene Smith,* for appellant. *Hinson McAuliffe, Solicitor, Leonard W. Rhodes, Richard E. Stark, Assistant Solicitors,* for appellee.