## 55167. DOBBS v. THE STATE.

SHULMAN, Judge.

Appellant was convicted of distributing obscene materials in violation of Code Ann. § 26-2101. This appeal follows.

1. Appellant challenges the constitutionality of Code Ann. § 26-2101 (c). As this case was first sent to the Supreme Court and subsequently transferred to this court, we are authorized to conclude that the constitutional questions raised have been decided. *Robinson v. State,* 143 Ga. App. 37 (1) (237 SE2d 436).

The constitutionality of this statute has been finally and conclusively determined by our Supreme Court. *Sewell v. State,* 238 Ga. 495 (233 SE2d 187).

2. Remaining enumerations are controlled adversely to appellant by *Sewell v. State,* supra. See *Teal v. State,* 143 Ga. App. 47 (238 SE2d 128).

3. As all other enumerations were controlled adversely to appellant by prior decision of our Supreme Court, the only issue presented for this court's consideration involves the application of constitutional standards to the facts of this case. See, e.g., *Fishman v. State,* 229 Ga. 133 (189 SE2d 429).

In accordance with *Dyke v. State,* 232 Ga. 817, 821 (209 SE2d 166), we have made an independent appellate review of the material to decide the constitutional fact of obscenity. While this writer has the utmost respect for freedom of expression, the writer also recognizes that this freedom is not absolute. Oftentimes the line between protected speech and unprotected speech is a difficult one to draw. We had no such difficulty here. The materials and magazines are within the definition of Code Ann. § 26-2101.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 18, 1978 — DECIDED FEBRUARY 9, 1978 — REHEARING DENIED FEBRUARY 22, 1978 — CERT. APPLIED FOR.

*Michael Clutter, Robert Eugene Smith,* for appellant.

*Hinson McAuliffe, Solicitor General, Leonard .W. Rhodes, Richard E. Stark, Assistant Solicitors,* for appellee.