## 55377. HESS v. THE STATE.
## 55378. HOLLAND v. THE STATE.

BANKE, Judge.

The defendants in the above cases appeal their convictions on multiple accusations for distributing obscene materials in violation of Code Ann. § 26-2101. All three of the accusations in Case no. 55377 and two of the four accusations in Case no. 55378 charge the distribution of obscene magazines. The remaining two accusations in Case no. 55378 charge the distribution of obscene books.

1. The defendants urge on appeal that the materials charged against them are not obscene as a matter of law but instead are protected forms of expression under the State and Federal Constitutions. We have made an independent review of these materials, as we are required to do under Jenkins v. Georgia, 418 U. S. 153, 160 (94 SC 2750, 41 LE2d 642) (1974) (see *Dyke v. State,* 232 Ga. 817, 821 (209 SE2d 166) (1974)), and must disagree. The magazines are merely collections of photographs depicting persons exhibiting their genitalia from various positions and engaging in various forms of sexual activity, both participatory and masturbatory, homosexual and heterosexual. The books, "Hot Fingered Baby Dolls" and "Hot Ghetto Pussy" are replete with photographs of the same description, interspersed through texts which make no pretense of expressing any idea or concern unconnected with sexual gratification. In our opinion, applying contemporary community standards and considering each publication as a whole, both the magazines and the books appeal predominantly to the prurient interest, lack serious literary, artistic, political, or scientific value, and depict in a patently offensive way the types of sexual conduct listed in the statute. Code Ann. § 26-2101 (b). The material amounts to nothing more than a "public portrayal of hard core sexual conduct for its own sake, and for the ensuing commercial gain" and is

accordingly obscene as a matter of law under Miller v. California, 413 U. S. 15 (93 SE 2607, 37 LE2d 419) (1973). See generally *Dyke v. State,* supra; *Simpson v. State,* 144 Ga. App. 657 (3) (1978).

2. The jury instructions on constructive knowledge did not violate constitutional standards for proof of scienter. See *Sewell v. State,* 238 Ga. 495 (4) (233 SE2d 187) (1977); *Wood v. State,* 144 Ga. App. 236 (3) (240 SE2d 743) (1977); *Simpson v. State,* 144 Ga. App. 657 (4), supra.

3. The defendant in Case no. 55377 contends that the trial court erred in refusing to grant a mistrial after the solicitor elicited testimony from the arresting officers to the effect that the defendant. made no statement following his arrest. Any resulting error, if any, was harmless. The only issue at trial was whether or not the materials were obscene. The fact that they were purchased from the defendant was clearly established by the testimony of the police officers who purchased them and was never questioned. Under these circumstances, even assuming *arguendo* that the questioning amounted to an improper comment on the accused's right to remain silent, we are convinced that the error was harmless, that is, that it is "highly probable that the error did not contribute to the jury's verdict." *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976).

4. The defendant in Case no. 55378 urges that the verdicts based on the books are invalid because the books were not read to the jury and because the jurors could not possibly have read them themselves in the short time that they were deliberating. We are cited no authority for such a proposition, and we know of none. The trial court correctly charged that the materials must be considered as a whole; and, absent any clear indication to the contrary, it must be presumed that the jurors conducted their deliberations in accordance with the charge.

*Judgments affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 2, 1978 — DECIDED APRIL 4, 1978 —
REHEARING DENIED APRIL 18, 1978 — CERT. APPLIED FOR.

*Michael Clutter, Robert Eugene Smith,* for appellants.
*Robert G. Johnston, Solicitor, Barschall Andrews, Kenneth M. Henson, Jr., Assistant Solicitors,* for appellee.