## 57079. PAPERBACK BOOK MART, INC. v. THE STATE.

DEEN, Presiding Judge.

Appellant, an adult bookstore located in Fulton County, brings this appeal from a conviction for three

counts of distributing obscene material. The investigating officer testified that he purchased two magazines entitled Easy Pieces and Hard Bondage at the bookstore and after making his purchases seized artificial sexual devices on display in the store.

1. Appellant contends that it was error for the trial court to deny his motion to dismiss because Code Ann. § 26-2101 (c) is unconstitutional for vagueness and overbreadth. This enumeration is without merit because Georgia's obscenity statute has previously survived an identical attack. *Sewell v. State,* 238 Ga. 495 (233 SE 2d 187) (1977); Sewell v. Georgia, 435 U. S. 982 (98 SC 1635), 56 LE2d 76) (1978).

2. In its second enumeration of error, appellant contends that the trial court erred in overruling its motion to suppress in allowing into evidence items seized by the police officer without a warrant. The officer testified that the only materials seized were in plain view in the store. This seizure therefore comes within the plain view doctrine and the trial court did not err in overruling the motion to suppress. *Sewell v. State,* supra.

3. There is no merit in appellant's third enumeration of error which contends that the materials were not obscene as a matter of law and are protected expression under the First and Fourteenth Amendments to the United States Constitution. We have viewed the magazines and agree with the jury that they are hard core pornography and obscene under the standards announced in Miller v. California, 413 U. S. 15 (93 SC 2607, 37 LE2d 419) (1973). The devices come within the definition in the statute and are obscene as a matter of law.

4. We also find no error in the judge's charge on scienter. The jury was charged according to the provisions of Code Ann. § 26-2101 which requires the state to prove that appellant had actual or constructive knowledge of facts which would put a reasonable and prudent person on notice as to the suspect nature of the material. A charge on constructive knowledge is not a violation of the constitutional requirements of scienter as set forth in Hamling v. United States, 418 U. S. 87 (94 SC 2887, 41 LE2d 590) (1973). *Sewell v. State,* supra.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED NOVEMBER 14, 1978 — DECIDED
DECEMBER 5, 1978.

*Robert Eugene Smith, Charles W. Boyle,* for appellant.

*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, Assistant Solicitor,* for appellee.