## 57264. BALL et al. v. THE STATE.

McMURRAY, Judge.

The Supreme Court of Georgia has transferred this case to this court without opinion but citing the case of *Sewell v. State,* 238 Ga. 495 (233 SE2d 187). The case involves an accusation in three counts charging misdemeanors of a high and aggravated nature against the defendants, one an individual and another a corporation. Count 1 involves the offense of distributing obscene material in the sale of a magazine entitled "Frustrated Girls." Count 2 is similar, charging the sale of an obscene magazine entitled "Accu-Jacking." Count 3 involves the offense of distributing obscene materials in that the defendants did possess with intent to sell to other persons certain other obscene materials used primarily for the stimulation of human genital organs. Defendants filed a motion to dismiss based upon constitutional attacks upon Code Ann. § 26-2101 (c) (Ga. L. 1968, pp. 1249, 1302; 1971, p. 344; 1975, p. 498). A motion to suppress was also filed and denied.

Defendants were tried, and the corporate defendant was convicted on all counts, while the individual

defendant was convicted only as to Counts 2 and 3 and found not guilty as to Count 1 as to the possession of the magazine "Frustrated Girls." The individual defendant was sentenced to serve a term of 12 months and pay a fine of $5,000 as to each count, consecutively. The corporate defendant was sentenced to pay a fine of $5,000 as to Counts 1 and 2, "merged by court," and $5,000 as to the remaining count. A motion for new trial as later amended was filed as to both defendants; thereafter amended, again urging constitutional attacks; and denied after a hearing. Defendants appeal. *Held:*

1. Based upon the decision in *Sewell v. State,* 238 Ga. 495, supra, all constitutional attacks upon the statute are no longer before the court since this court has no authority to review same. See also *Teal v. State,* 143 Ga. App. 47 (238 SE2d 128); *Simpson v. State,* 144 Ga. App. 657, 658 (1) (242 SE2d 265). But if application of plain constitutional provisions alone applies, we are controlled by the decision in *Sewell v. State,* 238 Ga. 495 (1), supra. There is no merit in any of the enumerations of error involving constitutional attacks upon the statute.

2. The law enforcement officers entered an adult bookstore and purchased two magazines shown in plain view on display. See Counts 1 and 2 as to the names of the magazines. The officers then seized the various sexual devices, which were also in plain view, without a warrant. We have examined the sexually oriented materials offered for sale and seized which were obviously for the primary purpose of stimulation of human genital organs. They were in plain view to the officers in a lawful position to view and see same. Hence, no warrant was necessary to make a lawful seizure. See Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564); Harris v. United States, 390 U. S. 234, 236 (88 SC 992, 993, 19 LE2d 1067). See also *Sewell v. State,* 238 Ga. 495 (2), supra, which involves the same type of seizure in which our Supreme Court holds came within the plain view doctrine.

3. The materials are obscene and involve hard core pornography under the standards announced in Miller v. California, 413 U. S. 15 (93 SC 2607, 37 LE2d 419). They are not protected by the First Amendment, and the evidence was sufficient to support the verdict.

4. The charge on scienter was correct and proper under the statute that requires "knowledge of facts which would put a reasonable and prudent person on notice." The charge by the trial court that the word "knowingly" shall be deemed to be either actual or constructive knowledge of the obscene contents of the subject matter and that a person has constructive knowledge of the obscene content of materials if he has knowledge of facts which would put a reasonable and prudent person on notice as to the suspect nature of the materials meets the requirements of the Georgia law (Code Ann. § 26-2101, supra). See *Sewell v. State,* 238 Ga. 495 (4), supra.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 13, 1979 — DECIDED
MARCH 8, 1979.

*Robert Eugene Smith, Charles W. Boyle,* for appellants.

*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, Assistant Solicitor,* for appellee.