60201. SPRY et al. v. THE STATE.

MCMURRAY, Presiding Judge.

By separate accusations, a corporation, the general nature of its business being the operation of a "Newsstand, Concessions, Arcade, and related matters," and its manager were charged with the offense

of distributing obscene material in that they did, knowing the obscene nature thereof, "sell, possess with the intent to sell, cause to be sold, and intentionally aid and abet, advise, encourage, hire, counsel and procure the sale of an obscene magazine to another person, the said magazine being entitled 'Winner Takes All'; and the distribution of said magazine is and was a commercial exploitation of erotica solely for the sake of . . . prurient appeal." A clerk sold the magazine to an undercover agent at which time the defendant manager was present, counting quarters from machines located in this adult book store ("at least 95% . . . sexually oriented").

Later, at the time of the defendant manager's arrest, he was the only person present at the book store and it was necessary to close and lock it. He admitted that he was the manager. The business license was in the name of the corporation. Immediately after the purchase by the undercover agent a detective entered the book store and the defendant manager admitted to him that "he was the manager . . ." He also observed the business license to be in the corporation; that is, one to operate a regular book store and "not an adult book store license."

Defendants were convicted. The corporation was sentenced to pay a fine of $5,000. The defendant manager was sentenced to pay a fine of $1,000 and be confined for a term of 12 months. Defendants appeal. *Held:*

1. The state produced a certified copy of the corporation's certificate of authority to transact business in this state as provided by the Georgia Business Corporation Code, it being a corporation of the State of South Carolina, the general nature of its business being to operate a newsstand, concessions, arcade "and related matters." This evidence, in addition to the fact that the business license was in the name of the corporation would authorize a rational trier of fact (the jury in the case sub judice) to find that the defendant corporation was guilty beyond a reasonable doubt of the offense of distributing, possessing and selling obscene material, inasmuch as the magazine sold to the undercover officer is obscene and distributed solely for commercial exploitation of erotica, solely for the sake of prurient appeal.

It was likewise proven that the defendant manager was present as the manager, aiding and abetting in the sale of same by the other individual present (a clerk) who actually sold the magazine to the undercover agent. After careful review of the trial transcript (including the magazine sold) and record we find and so hold that a rational trier of fact properly found the defendants guilty beyond a reasonable doubt of the offense charged. See Code Ann. § 26-2101 (Ga. L. 1968, pp. 1249, 1302; 1971, p. 344; 1975, p. 498); Miller v.

California, 413 U. S. 15 (93 SC 2607, 37 LE2d 419); *Dixie Books, Inc. v. State,* 147 Ga. App. 593 (249 SE2d 634); *Hess v. State,* 145 Ga. App. 685 (1) (244 SE2d 587); *Ball v. State,* 149 Ga. App. 270 (253 SE2d 886). The enumerations of error complaining of the sufficiency of the evidence (general grounds, motion for new trial and the denial of motion for directed verdict) are not meritorious.

2. "Any judge of any city court may preside and act in any other city court upon the request of the regular judge thereof [in this instance the Chief Judge of the State Court of Fulton County designating the state court judge of Hall County to serve in the State Court of Fulton County], and when so presiding and acting said judge shall have full power and authority over all matters pending in said court." Code § 24-2205. The trial court did not err in overruling the motion to disqualify the judge of the State Court of Hall County since under the law he had authority to act. See also in this connection *Manders v. Caldwell,* 229 Ga. 326, 327 (190 SE2d 913), wherein the Supreme Court held that since one city court judge could preside in the city court of a different county he could also thereafter preside in the superior court of that county "in any case in which the superior court judge is disqualified."

3. During argument the assistant solicitor objected to a statement made in the argument by the defense counsel that the undercover agent "saw this magazine on the shelf, determined it to be obscene . . ." The state's objection was that the undercover agent did not make the decision but that a warrant was issued and arrests were made after "[s]ome judge made the decision on whether or not it was obscene—." Motion for mistrial was then made by defense counsel, in the absence of the jury, that the statement made by the assistant solicitor was very prejudicial, that is, in telling the jury "that the judge has made that determination." Both the objection and the motion for mistrial were overruled and denied. Upon the return of the jury they were instructed as to the rights of counsel to argue their summation of the evidence but that they do not have the right to argue outside of the record although they do have a right to draw implications and innuendos from relevant evidence and that the jury was to consider only "the testimony from the stand as the evidence in the case." The objection (motion) was renewed and again overruled. Under the authority of Code § 81-1009, it is the court's duty in the instance of counsel making prejudicial statements as to matters not in evidence to rebuke counsel "and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds." Affirmative action must be taken by the court. In this instance cautionary instructions were given to the jury as to considering only evidence from the witness stand, but the assistant

solicitor was not rebuked for introducing information that a judge had made a determination that the magazine was obscene. Consequently, where a rebuke is not made and the improper argument is not ordered stricken, same has the apparent sanction of the court. *Butler v. State,* 142 Ga. 286, 287 (11) (82 SE 654); *Estep v. State,* 129 Ga. App. 909, 915 (8) (201 SE2d 809). Compare *Hodge v. State,* 235 Ga. 846 (221 SE2d 596); *Felton v. State,* 93 Ga. App. 48 (1) (90 SE2d 607).

It has been held in *Lewis v. State,* 59 Ga. App. 387 (1 SE2d 62), and as stated in *Hill v. State,* 153 Ga. App. 472, 474 (265 SE2d 828), that in some instances it is impossible for the trial court to give corrective instructions to rectify the harm done by improper evidence or actions of counsel, and a mistrial must be granted. Nevertheless, we do not think this was such a case which could not be rectified if the trial court had taken the necessary affirmative action. The trial court failed to recognize the assistant solicitor's assertion that "[s]ome judge made the decision on whether or not it was obscene . . ." as amounting to evidence injected into the case and thus did not deal with this assertion. Counsel should have been rebuked for injecting this evidence into the case. The objection or motion was renewed after the trial court merely cautioned the jury to consider the evidence from the stand. The trial court erred in failing to properly exercise its discretion in this instance by either granting the motion or rebuking counsel and issuing proper cautionary instructions. A new trial is required.

4. In charging on obscenity error is enumerated that the trial court instructed the jury on commercial exploitation at least five times during the charge. We do not find this to be the case or that the trial court has been unduly repetitious in instructing the jury as to the charge in which he first read the accusation and then instructed the jury with reference to the issue of obscenity. There is no merit in this complaint.

5. In instructing the jury as to material which appeals to the prurient interest, that is, material which has a tendency to excite lustful thoughts, there was no error as this was a correct statement of law. The trial court simply gave the jury a better understanding of the meaning of prurient appeal. See Roth v. United States, 354 U. S. 476, 477 (4), 487 (77 SC 1304, 1310, 1 LE2d 1498). There is no merit in this complaint. See also Miller v. California, 413 U. S. 15 (1), 23-24, supra.

6. The enumeration of error complaining of the charge by the court on constructive knowledge as contained in Code Ann. § 26-2101, supra, as set forth therein is not subject to the complaint that it shifts the burden of proof and relieves the state of proving every essential element of the crime in violating the First and

Fourteenth Amendments to the United States Constitution. The very frontispiece (front cover) of this magazine would put anyone on notice as to its contents (an intended or concluded act of fellatio). This section of the Code has been held to be constitutional and not violative of the First and Fourteenth Amendments to the United States Constitution on several occasions. See *Dyke v. State,* 232 Ga. 817 (I) (209 SE2d 166); *Sewell v. State,* 238 Ga. 495 (233 SE2d 187); *Dixie Books, Inc. v. State,* 147 Ga. App. 593, 594 (2), supra, and citations. We find no merit in this complaint.

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMITTED JULY 1, 1980 — DECIDED SEPTEMBER 3, 1980 — REHEARING DENIED OCTOBER 10, 1980 — 

*Glenn Zell,* for appellants.

*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, Assistant Solicitor,* for appellee.