## 60043. BROWN v. THE STATE.

McMurray, Presiding Judge.

Defendant, an employee of the Union Station Bookstore, was arrested and charged with two counts of distributing obscene materials. On October 18, 1979, a Fulton County jury found defendant guilty on both counts. From the verdict of the jury and the consequent sentence imposed by the trial court, defendant appeals. *Held:*

1. In his first enumeration of error defendant contends that "[t]he Court erred in refusing to secure the services of another judge to hear and determine a Motion to Disqualify Judge with an attached affidavit in support of the Motion." Defendant relies exclusively upon a recent decision of our Supreme Court, *State v. Fleming,* 245 Ga. 700 (267 SE2d 207), as support for this argument. We find that the application of the rule on motions to recuse or disqualify enunciated in *Fleming* in no way requires reversal of the trial court's judgment in the instant case.

The affidavit filed by defendant in support of his "Motion to Disqualify Judge" contains only three brief statements: "(1) That this Court did on October 15, 1979, find Counsel for the Defendant guilty of contempt of court. (2) That this Honorable Court did on October 15, 1979, accuse counsel for the Defendant of obstructing and delaying the administration of justice and the procedures of the Court. (3) That this Court did exhibit evidence of personal bias and prejudice against Counsel for the Defendant whereby Defendant believes that he will be unable to secure a fair and impartial trial by this Court." Under *Fleming,* a trial judge whose recusal from a particular case is being sought on motion by one of the parties to that case may rule solely upon the *legal sufficiency* of the affidavit supporting the motion to recuse. "We hold the federal rule on motions to recuse to be the most acceptable, that is, when a trial judge in a case pending in that court is presented with a motion to recuse accompanied by an affidavit, the judge's duty will be limited to passing upon the legal sufficiency of the affidavit, and if, *assuming all the facts in the affidavit to be true,* recusal would be warranted, then another judge must be assigned to hear the motion to recuse." (Emphasis supplied.) *State v. Fleming, supra,* at p. 702.

Even assuming the sparse facts alleged in defendant's supporting affidavit to be true, recusal of the trial judge in this case would not have been warranted. The affidavit clearly did not possess the requisite legal sufficiency, and for this reason the trial court did not err in ruling upon defendant's motion to disqualify.

2. Defendant next asserts that the trial court erroneously failed to charge the jury on the law of circumstantial evidence, notwithstanding the fact that defendant failed to request such a charge. We disagree. While this court has previously held that failure by the trial court to charge on the law of circumstantial evidence is reversible error in "close or doubtful" cases in which the only proof offered to prove an essential element of the crime with which defendant was charged was circumstantial in nature, see *Nelms v. State,* 150 Ga. App. 720 (258 SE2d 531), we cannot classify the instant case as either "close or doubtful." The evidence presented by the state in this case left little room for doubt that defendant either knew or should have known of the sexually explicit character of the magazines, the sale of which forms the basis for the instant prosecution. As a result, we find no error in the failure of the trial court to charge on the law of circumstantial evidence. See *Playmate Cinema, Inc. v. State,* 154 Ga. App. 871 (2) (269 SE2d 883).

3. Our disposition of defendant's second enumeration of error in Division 2 of this opinion renders a separate discussion of defendant's third enumeration unnecessary. See *Dixie Books, Inc. v. State,* 147 Ga. App. 593 (249 SE2d 634); *Hess v. State,* 145 Ga. App. 685 (1) (244 SE2d 587); *Ball v. State,* 149 Ga. App. 270, 272 (4) (253 SE2d 886); *Spry v. State,* 156 Ga. App. 74 (1980).

4. Defendant further asserts that "[t]he trial court erred in substituting for Defendant's jury instructions of 'tolerance' in determining community standards, the much narrower standard of 'acceptance.'" We reject this assertion. Defendant has cited no compelling authority in support of his argument that jury instructions incorporating the concept of "community *acceptance*" constitute impermissible restrictions of the obscenity standards originally set out by the United State Supreme Court in Miller v. California, 413 U. S. 15 (93 SC 2607, 37 LE2d 419). Absent a clear indication from either the Georgia Supreme Court or the United States Supreme Court that the term "acceptance," when charged to a jury in the context of instructions concerning the difficult legal concept of "community standards," impermissibly expands the parameters of the Miller standards beyond the scope contemplated in the decisions of the United States Supreme Court, this court will not find harmful error predicated solely upon the use of the word "acceptance" in lieu of the word "tolerance" in obscenity

prosecutions. See *Playmate Cinema, Inc. v. State,* supra.

5. In his fifth enumeration of error defendant contends that the trial court erred in twice charging the language of Code Ann. § 26-2101 (d) (Ga. L. 1975, p. 498), which states that "[m]aterial, not otherwise obscene, may be obscene under this section if the distribution thereof, or the offer to do so, or the possession with the intent to do so is a commercial exploitation of erotica solely for the sake of their prurient appeal." We find this argument to be unpersuasive. The evidence presented by the state demonstrating defendant's presence behind the counter of an adult bookstore in which sexually explicit magazines were openly displayed for sale clearly authorized the trial court's charge on the provisions of Code Ann. § 26-2101 (d), supra.

Moreover, the trial court's repetition of the subject charge was not harmful error in this case. "A mere repetition of a principle of law, while unnecessary, will not work a reversal unless it appears from the charge as a whole that there was such undue emphasis as to result in an unfair statement of the law in relation to the defendant's rights." *Brown v. State,* 142 Ga. App. 247, 248 (235 SE2d 671). No undue emphasis on the principles of law charged to the jury in the instant case appears in the record, and defendant's contentions to the contrary are accordingly without merit.

6. Defendant argues further that Code Ann. § 26-2101, supra, is "constitutionally unsound as it presents a significant threat of censorship in the State of Georgia, of materials protected by the First Amendment." The question of the constitutional soundness of Code Ann. § 26-2101, supra, as against attacks alleging First Amendment violations has repeatedly been decided by the courts of this state adversely to defendant's position. See *Gornto v. State,* 227 Ga. 46 (178 SE2d 894); *Sewell v. State,* 238 Ga. 495 (233 SE2d 187); *Playmate Cinema, Inc. v. State,* supra.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JUNE 5, 1980 — DECIDED SEPTEMBER 4, 1980 — REHEARING DENIED OCTOBER 24, 1980 —

*Charles W. Boyle,* for appellant.

*Hinson McAuliffe, Solicitor, George M. Weaver, Leonard W. Rhodes, Assistant Solicitors,* for appellee.