## 59968. STANCIL et al. v. THE STATE.

DEEN, Chief Judge.

Appeal is brought following convictions on five counts of violating Code Ann. § 26-2101.

1. Code Ann. § 26-2101 is not unconstitutional. *Sewell v. State,* 238 Ga. 495 (233 SE2d 187) (1977).

2. The trial court did not err in refusing to merge counts one and two of the charges against Stancil. He was accused of selling, or being accessory to the sale of, the same magazine at two different locations on the same date. Proof of sale of two obscene magazines at different times on the same date to the same buyer is two separate offenses. *Wood v. State,* 144 Ga. App. 236 (240 SE2d 743) (1977).

3. The trial judge did not err in refusing to qualify Dr. June Butts as an expert on the issue of whether the alleged obscene magazines have serious scientific value. Appellant argues that the term "science" has not been limited by the Supreme Court to natural or physical sciences but also would embrace social sciences which include the expertise of a sex therapy educator who possesses detailed knowledge of the psychological and physiological impact

that the materials might have on an average person. Appellants quote the 1959 case of Smith v. Calif., 361 U. S. 147, 164-165 (80 SC 215, 4 LE2d 205) which holds: "The two reasons coalesce, for community standards or the psychological or physiological consequences of questioned literature can as a matter of fact hardly be established except through experts." The 1973 case of Paris Adult Theatre v. Slaton, 413 U. S. 49 (3) (93 SC 2628, 37 LE2d 446, 449) (1973) held: "It was not error to fail to require expert affirmative evidence of the films' obscenity, since the films (which were the best evidence of what they depicted) were themselves placed in evidence." *Pierce v. State,* 145 Ga. App. 680 (244 SE2d 589) (1978); *Woods v. Andersen,* 145 Ga. App. 492, 496 (243 SE2d 748) (1978). Expert opinion evidence is required in certain cases such as medical malpractice where expert opinion evidence is necessary to show community standards, but the courts do not necessarily require expert testimony in obscenity cases.

Whether a witness is qualified as an expert is within the sound discretion of the trial judge. *Glover v. State,* 129 Ga. 717, 718 (9) (59 SE 816) (1907). The issue on appeal is not whether the trial judge was correct but whether he abused his discretion. Appellants' expert described herself as an educator and a social scientist. She defined science as follows: "Science is a methodology that is very strict and very much documented and deals with the art of healing." She further testified: "Scientific method is based on ancient Greek pedagogy, our understanding of the universe, the understanding of man to the universe, the whole life cycle, it is still debatable, like when is a person dead . . . The scientific method is a thesis, you have a good idea, a good guess, search, could be deductive or inductive, and synthesis. Maybe the opposite view might hold, you are coming from an opposite field and hopefully synthesis." She stated that this definition was taken from Plato. This appears to be the circular reasoning of thesis and its antithesis which yields a synthesis, and then beginning again with the synthesis becoming the thesis and on ad infinitum. This is the dialectic method of the philosopher G. W. F. Hegel dealing with speculatory reasoning and philosophy rather than science. George Gaylord Simpson in *Science,* Vol. 143, p. 769 (1964) has stated: "It is inherent in any definition of science that statements that cannot be checked by observation are not really about anything . . . or at the very least, they are not science." Hegalism results in relativity of ethics, truth and values and is not science.

It would be the better rule, if in doubt, for the courts to admit experts on each side of cases involving scientific, technical and even philosophical questions, so that jurors could make a better informed decision based on all the expert opinion evidence on both sides of the case although they may reject expert testimony and use their own

common sense. The expert witness stated she had extensive training in the area of sex therapy, that she had demonstrated professional achievements in this area, that she has taught this subject in academic institutions, including medical schools, and that she is presently teaching sex therapy in the psychiatry and pediatric departments of Howard University Medical College. The trial judge has wide discretion as to determining whether an expert is qualified. While the trial judge might have permitted Dr. Butts to testify, as he did permit another defense expert to testify, considering all circumstances under the facts presented, we cannot say he abused his discretion in this case.

Additionally appellants did not proffer any testimony of this witness on the issue of serious scientific value. " 'On direct examination, to afford a basis for the assertion of error, it must appear that a pertinent question was asked, that the court ruled out an answer, that a statement was made to the court at the time showing what the answer would be, and that such testimony was material and would have benefited the complaining party.' " *Williams v. Tribble,* 140 Ga. App. 390 (231 SE2d 86) (1976), quoting from *Barron v. Barron,* 185 Ga. 346, 347 (2) (194 SE 905) (1938). Other cases agree that a proffer is inadequate unless it appears "what answers were expected, and that the trial judge was informed thereof at the time the questions were propounded," *Seaboard Air-Line Railway v. Vaughn,* 19 Ga. App. 397, 398 (2) (91 SE 516) (1916). *Flynt v. State,* 153 Ga. App. 232 (3) (264 SE2d 669) (1980). As argued in appellee's brief, since the court was not told what the expert would have testified to, there is always the possibility that she would have said, to the surprise of the appellants, that the magazines lacked serious scientific value and were obscene.

4. The trial court correctly charged the jury on constructive knowledge. Code Ann. § 26-2101 (a).

5. The trial court did not err in charging the jury that "[m]aterial not otherwise obscene may be obscene under this section if the distribution thereof or the offer to do so or the possession with the intent to do so is commercial exploitation of erotica solely for the sake of their prurient appeal." This language is taken from Code Ann. § 26-2101 (d).

6. The trial court charged: "In assessing contemporary community standards, you are permitted to draw on your own knowledge of the community. The phrase 'contemporary community standards' means the average conception of the time and the present critical point in the compromise between candor and shame in which the community may have arrived here and now."

Appellant argues that the court erred in refusing to charge on

the community standards of tolerance and that the charge as given was erroneous, prejudicial and violative of his due process rights. In Smith v. United States, 431 U. S. 291, 304 (97 SC 1756, 52 LE2d 324) (1977), the Supreme Court held that "obscenity is to be judged according to the average person in the community, rather than the most prudish or the most tolerant." While the charge as given is not in the exact words and does not reflect with precision the definition of a community standard as given in Smith, it does substantially comply therewith with sufficient clarity. Therefore, we cannot say the charge as given constitutes harmful and reversible error.

7. The trial court did not err in refusing to enter a judgment notwithstanding the verdict. Such a remedy is not available in a criminal case and a defendant's remedy is a motion for a new trial. See *Wilson v. State,* 215 Ga. 775 (113 SE2d 607) (1960). After an examination of the evidence in this case, we find that it is obscene within the definition of Code Ann. § 26-2101.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED JUNE 2, 1980 — DECIDED SEPTEMBER 5, 1980 — REHEARING DENIED SEPTEMBER 18, 1980 — 

*Robert E. Smith, Charles W. Boyle,* for appellants.
*Hinson McAuliffe, Solicitor, George M. Weaver, Assistant Solicitor,* for appellee.