60430. G & E BUSINESS SERVICES, INC. v. THE STATE.

McMURRAY, Presiding Judge.

On September 25, 1979, an investigator from the office of the Fulton County Solicitor General and a detective from the Atlanta Police Department viewed twelve separate allegedly obscene movies being exhibited on the premises of the Cheshire Cat Adult Bookstore. After viewing the films the officers departed, obtained a search warrant and returned to the bookstore. The twelve films were then seized and the employees of the bookstore who were present at the scene were arrested.

Two days later the same two officers visited the Executive Bookstore on Piedmont Road and viewed 27 separate films. A search warrant was again obtained, the films and projectors were seized, and the bookstore's clerk was arrested.

G & E Business Services, Inc. was charged in two separate accusations with a total of 39 counts of distributing obscene materials in violation of Code Ann. § 26-2101 (Ga. L. 1975, p. 498). From its conviction on all counts by the trial court sitting without a jury, defendant brings this appeal. *Held:*

1. Defendant first asserts that the trial court erred in overruling its motion to consolidate the 39 counts of the accusations. More particularly, defendant argues that "there was but one criminal intent and one transaction" in each bookstore since the subject films were allegedly being continuously exhibited to the general public during the course of the officers' visits. We reject defendant's "continuous transaction" argument. While this court has sanctioned the view that "a 'single, uninterrupted, continuous showing' of multiple films as part of a single exhibition constitutes only one count of 'distributing obscene materials' in violation of Code Ann. § 26-2101," *Maxwell v. State,* 152 Ga. App. 776, 779 (264 SE2d 254), the facts of the instant case clearly do not support defendant's contention that each of the 39 offenses listed in the two accusations took place within the context of one of two distinct "exhibitions" or a "continuous transaction." The films seized by the investigators were

shown either in separate booths or two films to a booth. The booths were coin-operated and required between $1 and $1.50 to be deposited before the full length of the particular film being shown could be viewed. In order to view all the films in each bookstore the investigators had to enter an individual booth, deposit a number of coins, watch one film, and then either deposit more coins to see the second film in those booths with two films or move on to the next booth and repeat the entire process. Under these circumstances each showing of each film constituted a separate and distinct violation of Code Ann. § 26-2101, supra. Defendant's arguments to the contrary must accordingly be deemed without merit.

2. Our disposition of defendant's first enumeration of error in Division 1 of this opinion renders a separate discussion of its second enumeration of error unnecessary, wherein it is contended the trial court erred in separately convicting and sentencing as to each of the counts charged.

3. Defendant further contends that the trial court erred in overruling its motion for new trial based only on the general grounds. We disagree. The record and transcript in this case contain ample evidence supporting the court's determination of defendant's ownership of the business and findings of guilty as to each of the 39 counts. As a result, no error appears in the trial court's denial of defendant's motion. We have made an independent appellate review of the material in evidence and find it ample in deciding the fact of obscenity. We therefore hold that a rational trier of fact (the trial court without the intervention of a jury here) properly found the defendant guilty beyond a reasonable doubt of the offenses charged. See *Dixie Books, Inc. v. State,* 147 Ga. 593 (1) (249 SE2d 634); *Hess v. State,* 145 Ga. App. 685 (1) (244 SE2d 587); *Ball v. State,* 149 Ga. App. 270, 271 (2) (253 SE2d 886); *Flynt v. State,* 153 Ga. App. 232, 245 (4) (264 SE2d 669); *Dyke v. State,* 232 Ga. 817, 821-822 (209 SE2d 166); *Dobbs v. State,* 145 Ga. App. 14, 15 (3) (243 SE2d 275); *Allen v. State,* 144 Ga. App. 233, 235 (3) (240 SE2d 754).

*Judgment affirmed. Smith and Banke, JJ., concur.*

Argued September 3, 1980 — Decided October 23, 1980 — Rehearing denied November 12, 1980 — 

*Glenn Zell,* for appellant.

*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, Assistant Solicitor,* for appellee.