## 60799. WILLIAMS v. THE STATE.

BIRDSONG, Judge.

The appellant, William R. Williams, was charged with three counts merged to two and convicted of both counts of distributing obscene materials and sentenced to twelve months to serve on one count and a $2,500 fine, and twelve months on probation on the other count.

He appeals to this court the overruling of his motion and amended motion for new trial. We affirm.

1. The appellant first challenges the sufficiency of the evidence. There was evidence before the jury that the two magazines were obscene and were purchased from an employee of the Ponce de Leon Adult Book Mart on the date alleged, April 3, 1978. During the sale the appellant entered the store with a sex device in his hand, tossed the device on the counter, and asked an employee if the device was the one of which she had ordered duplicates. The store contained sales displays of sex devices with prices marked on them and the appellant's van, parked in front of the store with the motor running, contained boxes of sexual devices. There was competent testimony that the items possessed and charged as a violation in Count 3 were designed and marketed primarily for the stimulation of human genital organs and the publications possessed and charged as violations in original Counts 1 and 2 (merged into one) appeal predominantly to the prurient interest, are patently offensive and lack serious scientific value as charged in violation of the statute (Code Ann. § 26-2101 (b) (1)). There was also evidence before the jury that the appellant was an officer of the parent corporation that operated the Ponce de Leon Adult Book Mart, and the only one authorized to sign checks on the corporate account, and an officer in other corporations that operated other Atlanta adult book stores. All of the corporations had a common address (a warehouse) where appellant's van was driven after his arrest upon appellant's direction: "Okay, take it back." With this evidence, we are satisfied that appellant's connection to the store operation was sufficient so that "a rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Enumeration 1 has no merit.

2. Enumerations of error 2, 3, and 4 concern the court's precluding Mike Aranson, a member of the Texas Bar, from representing the appellant.

A motion was filed with the court by Mike Aranson, alleging he was a member of the Texas Bar, to appear pro hac vice to represent the appellant. The motions had been denied on September 14, 1979

by Judge Nick S. Lambros. The trial judge refused to allow him to act as counsel, to sit at counsel table or talk to defense counsel during the trial. The appellant was represented by a member of the Georgia Bar. Mr. Aranson is not a member of the Georgia Bar.

Mr. Aranson has no federal constitutional right to appear pro hac vice in states where he is not licensed to practice law. Leis v. Flynt, 439 U. S. 438 (99 SC 698, 58 LE2d 717). The appellant, although guaranteed the right to counsel by both the Federal (Sixth Amendment Constitution of the United States) and State Constitutions (Art. I, Sec. I, Par. IX; Code Ann. § 2-109), has no guarantee that he can be represented by out-of-state counsel. New Jersey v. Kavanaugh, 52 N. J. 7 (243 A2d 225, 231), cert. den. as Matzner et al. v. New Jersey, 393 U. S. 924 (89 SC 254, 21 LE2d 259).

The Georgia Bar Rules provide that non-resident attorneys who are not active members of the State Bar of Georgia may be permitted to appear in the courts of this state in isolated cases in the discretion of the judge of such court. Code Ann. Title 9 App. Rule 1-203. This court and the Supreme Court have similar rules (Code Ann. §§ 24-3609 and 24-4507). Mr. Aranson offered no proof of his Bar admission in Texas. The trial court based his order primarily on this absence of proof. An attorney must make some showing that he is qualified and ready to appear pro hac vice (27 CJS § 27). We cannot say the trial court abused its discretion or acted arbitrarily by denying Mr. Aranson the visiting attorney privilege in the absence of such proof.

Inasmuch as the practice of law includes the giving of legal advice (Code Ann. § 9-401), the trial court did not err in refusing to allow Mr. Aranson to sit at counsel table or talk to defense counsel during the trial.

Enumerations 2, 3, and 4 have no merit.

3. Appellant's fifth enumeration that the court erred in overruling the appellant's motion to disqualify Judge C. Winfred Smith was considered in Spry v. State, 156 Ga. App. 74 (2) (274 SE2d 2) and decided adversely to the appellant. We adhere to that position.

4. By his sixth enumeration the appellant contends the court erred in permitting an investigator to testify as an expert as to whether certain items were primarily designed and marketed for sexual gratification as he did not qualify as an expert; and further, because his testimony invaded the province of the jury.

Expert testimony is not necessary to prove the obscenity of sexual devices. Underwood v. State, 144 Ga. App. 684 (242 SE2d 339). Nevertheless, this court has recognized the use of witnesses to testify that certain devices are designed primarily for stimulation of genital organs. Simpson v. State, 144 Ga. App. 657 (242 SE2d 265);

*Underwood v. State,* supra. Although characterized as expert, the witness was treated as a non-expert and required to testify to the facts from which he states his reason for his opinion whereas an expert may give an opinion upon a state of facts testified to by other witnesses. *Cone v. Davis,* 66 Ga. App. 229 (17 SE2d 849); see also *Lamb v. Mayor &c. Brunswick,* 121 Ga. 345 (49 SE 275). The investigator in the instant case met the more stringent requirement of a non-expert by relating his sources of information which included catalogues promoting sexual devices, movies shown in adult theatres and peep show booths in Atlanta, in which such devices were used, and magazines sold in Atlanta adult book stores, such as those admitted in the trial in which such devices were used. He had also seen such devices for sale in adult book stores in Atlanta and talked to people in Atlanta-area adult entertainment establishments.

The foundation was laid, and the testimony was admissible whether characterized as expert or non-expert. Furthermore, as the devices were obviously designed and marketed for genital stimulation, *Underwood v. State,* supra; *Sewell v. State,* 238 Ga. 495 (233 SE2d 187), it is highly probable that the admission of such opinion evidence, even if error, was not sine qua non to the verdict.

Accordingly, Enumeration 6 is without merit.

5. Appellant challenges two sections of Code Ann. § 26-2101 on constitutional grounds (Enumerations 7 and 9). The constitutionality of both Code Ann. § 26-2121 (a) and § 26-2101 (c) was upheld in *Sewell v. State,* supra, appeal dismissed 435 U. S. 982 (98 SC 1635, 56 LE2d 76).

6. In Enumeration 8, the appellant alleges "[t]he Court erred in charging the jury that 'every person of sound mind and discretion is presumed to intend the natural and probable consequences of their act' as this shifts the burden of proof to the appellant and relieves the State of proving intent and scienter all in violation of the Fourteenth Amendment of the U. S. Constitution."

Standing alone the quoted portion of the charge might appear to violate Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39). However, no unconstitutional shift of the burden of persuasion occurs when, as here, an instruction on the presumption of intended consequences is given with an instruction that a person is not presumed to act with criminal intent and that the presumption of intended consequence may be rebutted. *Skrine v. State,* 244 Ga. 520 (260 SE2d 900); *Whisenhunt v. State,* 152 Ga. App. 829 (264 SE2d 271). Enumeration 8 is therefore without merit.

7. Appellant's assertion in Enumeration 10 that no evidence of advertising, production, distribution, and/or pandering was adduced at the trial is refuted as evidenced by the summary of the evidence in

Division 1.

8. Enumeration 11 alleges "[t]he Court erred in failing to charge the jury that contemporary community standards must be applied by juries in accordance with their own understanding of the tolerance of the average person in their community."

The trial court used the word acceptance in place of tolerance. This court has addressed this issue in three recent cases, *Playmate Cinema v. State,* 154 Ga. App. 871 (269 SE2d 883); *Brown v. State,* 156 Ga. App. 201 (4) (274 SE2d 572); *Stancil v. State,* 155 Ga. App. 731 (6) (272 SE2d 511) and decided adversely to the contention of the appellant. We are not persuaded to change our position.

9. Finally, appellant's allegation that the trial court erred in charging the jury that "material that appeals to the prurient interest is material which has a tendency to excite lustful thoughts" was considered and rejected by this court in *Spry v. State,* supra. Enumeration 12 has no merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 11, 1981.

*Glenn Zell,* for appellant.

*Hinson McAuliffe, Solicitor, Leonard Rhodes, Assistant Solicitor,* for appellee.