AMERICAN FILM DISTRIBUTORS, INC., a Foreign Corporation, a/k/a American Films, Ltd., d/b/a Clarksville Cinema Adult News, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–184A26.

Court of Appeals of Indiana,
First District.

Nov. 13, 1984.
Rehearing Denied Dec. 13, 1984.

☞984(3)

Carlo B. Coleman, Jeffersonville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Defendant-appellant, American Film Distributors, Inc. (American Film), appeals its convictions of five counts of exhibiting an obscene performance, a Class A misdemeanor under IND.CODE 35–49–3–2.

We affirm in part and reverse in part.

## STATEMENT OF THE FACTS

The evidence most favorable to the State reveals that on October 10, 1980 a police officer with the Clarksville Police Department went to the Theatair-X Drive-In theatre, purchased one ticket for $5.00, and viewed five films and previews of coming attractions. Based upon an affidavit describing the nature and content of the films, the officer obtained a search warrant and seized these five films on October 11. On October 17, the officer returned to the theatre with a second search warrant based on information that Theatair-X had advertised the showing of three films which had previously been seized by the police. From an area outside the theatre, the officer observed the showing of a film which he had viewed the previous week. He thereafter executed the search warrant and confiscated the film.

American Film was charged with six counts of exhibiting an obscene performance, based on the five films shown on October 10 and the one on October 17. Prior to trial attorney Bruce A. Taylor (Taylor) filed a motion for admission *pro hac vice* to allow non-resident co-counsel. The prosecuting attorney for Clark County joined in this motion to allow Taylor to assist him. American Film filed a motion in opposition. This was denied by the trial court, which granted Taylor's request to assist in the prosecution of the case.

Following a jury trial, wherein the jurors viewed the films in question and found American Film guilty of five counts of exhibiting an obscene performance, the trial court fined American Film in the sum of $25,000; $5,000 per count plus court costs. These five counts included the showing of four of the films on October 10 and the one on October 17. From this sentence, American Film appeals.

## ISSUES

American Film presents two issues for our review:

I. Did the trial court err by granting a motion for admission *pro hac vice* to allow a non-resident counsel to participate in the prosecution?

II. Was the defendant improperly convicted of five counts of exhibiting an obscene performance under IND. CODE 35–49–3–2?

## DISCUSSION AND DECISION

*Issue I.*

American Film argues that because Taylor is not licensed to practice law in Indiana and does not meet the statutory requirements to be elected as a prosecutor in this state, he should not have been allowed to participate in the prosecution of this case. We disagree.

Temporary permission may be granted for an attorney not licensed in this state to appear and take part in a trial before an Indiana court as a matter of courtesy. Ind. Rules of Procedure, Admission and Discipline Rule 3. The issue of Taylor's participation in an Indiana obscenity case as co-counsel to the prosecutor has been specifically approved by this court in *Sedelbauer v. State*, (1983) Ind.App., 455 N.E.2d 1159. We decline to hold otherwise.

*Issue II.*

American Film alleges it can be sentenced on only two counts of exhibiting an obscene performance as four of the films were shown on October 10 and constitute only one exhibition of multiple films. Thus, American Film argues, at most one exhibition occurred on October 10 and another occurred on October 17. We agree.

This situation can be compared to *Moritz v. State*, (1984) Ind.App., 465

N.E.2d 748, where one lump sum bribe was paid for five separate chemical orders agreed upon during the transaction of a single meeting. Emphasizing the fact that only one design and intent existed, we held that one bribery offense, not five, had been committed. Here, the officer paid one fee to see five films. American Film's sole intent and design was to show an exhibition of obscene films. By analogy, the sale of five obscene magazines to one person constitutes but one count of selling obscene literature. *See Oliver v. State*, (1972) 154 Ind.App. 274, 289 N.E.2d 545. Likewise, the sale of an obscene film and an obscene magazine at the same time is only one offense. *Peters v. State*, (1983) Ind.App., 449 N.E.2d 311. *Accord, State v. Davis*, (1983) Tenn.Cr.App., 654 S.W.2d 688.

■ Other states have addressed our exact situation. The United States Supreme Court refused to grant certiorari in a Georgia case holding that only one count of distributing obscene material was justified where a police officer purchased a single ticket which permitted him to view two full length obscene films and four cuts of coming attractions. *Maxwell v. State*, (1979) 152 Ga.App. 776, 264 S.E.2d 254, *cert. denied* 449 U.S. 889, 101 S.Ct. 240, 66 L.Ed.2d 111. The Georgia court found there had been "one single, uninterrupted, continuous showing of multiple films as part of a single exhibition". 264 S.E.2d at 256. *Maxwell* cites *Bell v. United States*, (1955) 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905, wherein the Supreme Court stated that for separate offenses charged in one indictment to carry separate punishments, they must rest on distinct criminal acts. If the offenses were committed at the same time, in the same place, constitute parts of a continuous criminal design and are inspired by the same criminal intent they are susceptible of only one punishment. *Bell, supra.*

■ The classic test of multiplicity is whether the legislature intended to punish individual acts separately or to punish the course of action which they make up. *Blockburger v. United States*, (1932) 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. Unless there appears in the statute a clear intent to fix separate penalties for each obscene film shown, the issue should be resolved against turning a single transaction into multiple offenses. *Bell* 349 U.S. at 84, 75 S.Ct. at 622. The relevant Indiana statute reads:

"A person who knowingly or intentionally engages in, participates in, manages, produces, sponsors, presents, exhibits, photographs, films, or videotapes any obscene performance commits a Class A misdemeanor. However, the offense is a Class D felony if the obscene performance depicts or describes sexual conduct involving any person who is or appears to be under sixteen (16) years of age."

IND.CODE 35–49–3–2.

"Performance" is defined as:

"... any play, motion picture, dance, or other exhibition or presentation, whether pictured, animated, or live, performed before an audience of one (1) or more persons."

IND.CODE 35–49–1–7.

There appears no stated intent to assess a separate penalty for each film shown as part of an exhibition, where only one admission fee is charged. *Cf. G & E Business Services, Inc. v. State*, (1980) 156 Ga. App. 391, 274 S.E.2d 645, where money was paid in each of 39 booths to see 39 different films and 39 counts of distributing obscene materials were upheld. Therefore, only one $5,000 fine is appropriate as the penalty against American Film for its October 10 exhibition of obscene films.

Our decision is consistent with *Isaac v. State*, (1982) Ind.App., 439 N.E.2d 1193. In that case, the second district found evidence to support two counts of exhibiting an obscene performance, but only one count of exhibiting obscene matter under IND.CODE 35–30–10.1–2(2).[1] Matter, as used in the statute, describes:

1. Now IND.CODE 35–49–3–1.

"... (i) any book, magazine, newspaper, or other printed or written material; (ii) any picture, drawing, photograph, motion picture or other pictorial representation; (iii) any statue or other figure; (iv) any recording, transcription, or mechanical, chemical, or electrical reproduction; or (v) any other articles, equipment, machines, or materials."

IND.CODE 35–30–10.1–1(a).[2]

In *Isaac*, the defendant began to show an obscene film to one boy, but stopped because of trouble with the projector. The boy went outside and asked his friend to come into the house. The defendant then showed both boys numerous obscene photographs and an obscene magazine. Afterwards, he continued to run the pornographic film. The court found two *separate* exhibitions of the film because of the break in time and activity between the two showings. *Cf. Wood v. State*, (1977) 144 Ga. App. 236, 240 S.E.2d 743, where the sale of two obscene magazines to the same police officer at different times on the same day constituted two counts of selling obscene literature.

However, only one count of exhibiting obscnee materials was warranted in *Isaac, supra*, even though more than one piece of obscene "matter" was shown to the two boys. This is proper according to *Maxwell* and the other authorities cited herein. The defendant, with the single intent of exhibiting obscene matter to the two boys, showed them "numerous" photographs and an obscene magazine which undoubtedly contained more than one obscene picture. There was but a single design also, since the photographs and magazine were shown consecutively, on one occasion unseparated by other events.

Likewise, in the present case it appears that American Film intended to show a single, continuous, uninterrupted exhibition of four obscene films for one admission price on October 10, 1980. We can no more separate this offense into four counts than we can separate the viewing of the obscene photographs and magazine in *Isaac, supra,*

into a number of counts equal to the number of photos and obscene pictures found within the magazine. This is so even though the exhibition of a single picture in the magazine in *Isaac*, or a single film here, is enough to constitute the crime involved.

Thus, we hold that American Film can be sentenced on only two counts of exhibiting an obscene performance under IND.CODE 35–49–3–2; one count for the showing of an exhibition of obscene films on October 10, 1980 and the other for the film shown on October 17. Accordingly, the judgment and sentence upon the remaining three counts of exhibiting an obscene performance are vacated and this cause is remanded to the trial court for that purpose. In all other respects, the judgment of the trial court is affirmed.

Judgment affirmed in part, and reversed in part.

ROBERTSON and RATLIFF, JJ., concur.